445 A.2d 1235

**COMMONWEALTH of Pennsylvania**

v.

**Mark E. YOUNG, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 6, 1981.

Filed May 21, 1982.

Daryl E. Moyer, Assistant Public Defender, Reading, for appellant.

George C. Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before SPAETH, BECK and LIPEZ, JJ.

SPAETH, Judge:

The only issue on this appeal is whether the lower court abused its discretion by sentencing appellant to concurrent sentences of two to five years in prison on each of his three convictions for receiving stolen property, criminal conspiracy, and corrupting the morals of a minor, with the directive that on each count appellant should pay the costs of prosecution and a fine of $100, and "[make] restitution as determined by the Berks County Probation Office." Because the lower court failed to state adequately its reasons for the sentences, we vacate the judgments of sentence and remand for resentencing.

On July 20, 1980, a criminal complaint was issued against appellant charging him with theft by unlawful taking, receiving stolen property, criminal conspiracy, and corrupting the morals of a minor. On November 19, 1980, a jury returned a verdict of guilty on all charges except the charge of theft by unlawful taking. No post-trial motions were filed. A presentence investigation was conducted and a report issued, recommending that appellant be sentenced to serve a term of imprisonment of 18 months to five years on each conviction. On January 27, 1981, the lower court sentenced appellant. At the end of the sentencing proceeding, the court said:

The reasons for the sentences, of course, are that it is a serious matter to receive stolen property, conspiring with another in doing so, and engaging the corruption of a minor while doing so. Likewise, the past record of the defendant—three different items—are serious matters— or at least two of them are quite serious.

N.T. at 6.

Earlier in the proceeding, the court referred to appellant's prior record as "attempted robbery in April of 1977, a burglary in July of 1977, possession of a small amount of marihuana and intoxicants in November of 1977, and several indeterminate sentences to Camp Hill." N.T. 3–4.

Appellant petitioned for reconsideration of the sentences, but on March 2, 1981, without argument or an opinion, his petition was denied.

It is settled that in imposing sentence,

[t]he court must consider the character of the defendant and the particular circumstances of the offense in light of the legislative guidelines for sentencing, and must impose a sentence that is the minimum sentence consistent with the protection of the public, the gravity of the offense, and the rehabilitative needs of the defendant.

*Commonwealth v. Wicks*, 265 Pa.Superior Ct. 305, 310, 401 A.2d 1223, 1225 (1979) (collecting cases).

This means that the sentencing judge has a dual responsibility. The first responsibility is a fact-finding responsibility. The judge must be sure that he has "sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Doyle*, 275 Pa.Superior Ct. 373, 418 A.2d 1336, 1340 (1979), *citing Commonwealth v. Wicks, supra.* The second responsibility is an application-and-explanation responsibility. The judge must apply to the information he has gathered the legislative guidelines specified in the Sentencing Code, Act of Dec. 30, 1974, P.L. 1052, No. 345, § 1 as amended by Act of Nov. 26, 1978, P.L. 1316, No. 319, § 1, and by Act of Oct. 5, 1980, P.L. 693, No. 142, § 401(a), 42

Pa.C.S. § 9701 *et seq.* *Commonwealth v. Doyle, supra;* *Commonwealth v. Kostka,* 276 Pa.Superior Ct. 494, 509, 419 A.2d 566, 573–74 (1980) (SPAETH, J., concurring). *See also,* *Commonwealth v. Kraft,* 294 Pa.Superior Ct. 599, 440 A.2d 627 (1982).

Here, we cannot tell whether the sentencing judge fulfilled his fact-finding responsibility. We have no information regarding the circumstances of the offense, except what can be surmised from the allegations in the complaint, and no information regarding the character of the defendant, except his prior record. The report of the pre-sentence investigation is not included in the record. In addition, the sentencing judge failed to fulfill his application-and-explanation responsibility. The judge's statement of reasons for the sentence do not make even tangential reference to the legislative guidelines specified in the Sentencing Code.

The judgments of sentence are vacated and the case remanded for re-sentencing.