446 A.2d 971

COMMONWEALTH of Pennsylvania

v.

Robert Eugene MEAD, Appellant.

Superior Court of Pennsylvania.

Argued March 17, 1982.

Filed June 11, 1982.

512

Philip B. Friedman, Erie, for appellant.

Richard A. Hernan, District Attorney, Warren, for Commonwealth, appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Appellant pled guilty to two counts of delivering a hashish derivative and was sentenced to serve concurrent prison terms of two-and-one-half-to-five years, and to pay a single $5,000 fine, $700 restitution, and costs.[1] Appellant now challenges the excessiveness of his prison terms and the propriety of his fine. For the reasons that follow, we vacate his fine and remand for further proceedings consistent with this opinion, but affirm the remainder of his sentence.

### I.

Appellant contends that his prison terms exceed the minimum period of confinement consistent with the protection of the public, the gravity of the offense, and his rehabilitative needs. *See* 42 Pa.C.S.A. § 9721(b); *Commonwealth v. Martin*, 466 Pa. 118, 133, 351 A.2d 650, 658 (1976). We disagree. Sentencing is a matter within the sound discretion of the lower court whose determination will not be disturbed absent a manifest abuse of discretion. *See, e.g., Commonwealth v. Knight*, 479 Pa. 209, 212, 387 A.2d 1297, 1299 (1978). In exercising its discretion, the lower court must give due consideration to the circumstances of the crime and the character of the defendant. *Id.; Commonwealth v. Kostka*, 475 Pa. 85, 92 n.8, 379 A.2d 884, 888 n.8 (1977); *Commonwealth v. Martin, supra,* 466 Pa. at 133, 351 A.2d at 658. Moreover, the court must consider, but need not reiterate, the sentencing criteria established by our legislature. *See, e.g., Commonwealth v. Butch*, 487 Pa. 30, 32, 407 A.2d 1302, 1303 (1979); *Commonwealth v. Zimmerman*, 282 Pa.Superior Ct. 286, 297, 422 A.2d 1119, 1125 (1980). To facilitate meaningful appellate review and to ensure that

---

1. As part of appellant's negotiated plea bargain, the Commonwealth agreed to *nol pros* charges concerning delivery of cocaine and marijuana.

discretion has, in fact, been exercised, the sentencing court must state its reasons on the record at the time of sentencing. *See* 42 Pa.C.S.A. § 9721(b); Pa.R.Crim.P. 1405(b); *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977) (plurality opinion). The record reveals that appellant was a single, twenty-eight year old, having a year and a half of college education, a spotty employment history, and no dependents. He had previously been placed on probation in Arizona for selling valium,[2] and had participated in several other drug transactions locally. Moreover, appellant admitted his complicity in delivering the drugs to an undercover officer who had placed an "order." Appellant had the opportunity to make a statement and his counsel had the opportunity to make argument and present other relevant information. *See Commonwealth v. Wareham*, 259 Pa.Superior Ct. 527, 533, 393 A.2d 951, 953 (1978). On that basis, the lower court sentenced appellant to serve two concurrent prison terms of two-and-one-half-to-five years. The lower court stated that the sentence was based upon the public safety, public attitude against illegal drug sales, appellant continuing involvement in drug sales as a vocation, and his previous convictions and probation for selling drugs. Although not phrased in the vernacular of the sentencing code, we are satisfied that the lower court adequately considered appellant's character and the circumstances surrounding the crime and concluded that imprisonment for that period was warranted because of the threat of recidivism, 42 Pa.C.S.A. §§ 9722(8), (9); 9725(1), the seriousness of the crime, *id.* §§ 9722(1), (2); 9725(3), and the likelihood that appellant would not respond to probation, *id.* §§ 9722(7), (9), (10); 9725(2). Under these circumstances, we cannot say that the lower court manifestly abused its discretion. *See Commonwealth v. Butch, supra.*

## II.

■ Appellant contends also that his fine was improper because the lower court had failed to ascertain, on the

---

**2.** Appellant was also convicted in Arizona for selling marijuana, but the record does not disclose his sentence for that offense.

record, whether he would be able to pay the fine. We agree. The lower court may, in its discretion, consider a fine as an additional or an exclusive sanction. *See* 42 Pa.C.S.A. § 9721(a). The court may impose a fine as an additional penalty when the defendant has derived a pecuniary gain from the crime or when a fine would be particularly appropriate as a deterrent. *Id.* § 9726(b). "In determining the amount and method of payment of a fine, the court shall take into account the financial resources of the defendant and the nature of the burden that its payment will impose." *Id.* § 9726(d). *Accord*, Pa.R.Crim.P. 1407(c). However, "[t]he court *shall not* sentence a defendant to pay a fine *unless it appears of record* that: (1) the defendant is or will be able to pay the fine: [*sic*] and (2) the fine will not prevent the defendant from making restitution or reparation to the victim of the crime." 42 Pa.C.S.A. § 9726(c) (emphasis added). In *Commonwealth v. Schwartz*, 275 Pa. Superior Ct. 112, 118, 418 A.2d 637, 640 (1980), under similar circumstances, we vacated a fine and remanded for further proceedings because the record was insufficient to permit a determination of the defendant's ability to pay the fine imposed:

> [A]ll the sentencing judge knew about [defendant's] financial background was that he had sold $980 worth of drugs to the undercover agents the previous year and was currently working with his father in the construction industry, "bringing home approximately $150 per week." N.T. 12, 13 (August 28, 1978, Guilty Plea Hearing). This was hardly enough to make an intelligent finding as to appellant's ability to pay the fine.

The present record is equally meager: Appellant had received $700 from undercover officers in the first of two transactions underlying his guilty plea, but did not receive any money for the second. Although he was also involved in other drug transactions, there is no evidence that he derived any pecuniary gain. The presentence report records appellant's sporadic employment history, but does not disclose his current income. Moreover, there is no indication in the

record that the sentencing court considered appellant's indebtedness (as reflected in his petition for appointment of counsel and his in forma pauperis petition), or even that he lived at home, was single, and had no dependents. Likewise, it did not consider whether a $5,000 fine would prevent appellant from making restitution. Under these circumstances, we conclude that the present record was insufficient to permit a proper determination of appellant's ability to pay the fine imposed. Consequently, we must vacate that portion of appellant's sentence and remand for further proceedings.[3]

## III.

Judgment of sentence affirmed as to imprisonment and payment of restitution and costs only. Judgment of sentence as to fine is vacated and case remanded for further proceedings.

---

**3.** We note that the fine imposed was discretionary, not mandatory. Consequently, we express no view as to whether a sentencing court must inquire into a defendant's ability to pay a legislatively mandated fine.