467 A.2d 884

**COMMONWEALTH of Pennsylvania**

v.

**Clifton Leroy BLACK, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 23, 1983.

Filed Nov. 4, 1983.

John D. Finchbaugh, Assistant Public Defender, York, for appellant.

William Scott Sandusky, Assistant District Attorney, York, for Commonwealth, appellee.

Before WIEAND, CIRILLO and JOHNSON, JJ.

PER CURIAM:

Appellant robbed Thomas Schmuck of $204 by holding a knife to Schmuck's throat and threatening his life. Appellant was charged with robbery and pled nolo contendere. York County Judge Joseph E. Erb refused to accept the plea bargain appellant had worked out with the district attorney. Appellant stood on his plea, and on June 6, 1980, Judge Erb sentenced him to serve three to six years in a state penitentiary. Appellant challenges the judgment of sentence.

It is well settled that Pennsylvania trial judges are vested with broad sentencing discretion with which the appellate courts will not interfere absent manifest abuse. *Commonwealth v. Green,* 494 Pa. 406, 431 A.2d 918 (1981); *Commonwealth v. Edrington,* 490 Pa. 251, 416 A.2d 455 (1980); *Commonwealth v. Ellison,* 293 Pa.Super. 329, 439 A.2d 136 (1981). In order to constitute an abuse of discretion, a sentence must either exceed statutory limits or be manifestly excessive. *Commonwealth v. Casuccio,* 308 Pa.Super. 450, 454 A.2d 621 (1982); *Commonwealth v. Rooney,* 296 Pa.Super. 288, 442 A.2d 773 (1982).

Since appellant's sentence does not exceed statutory limits for the offense of robbery, we must decide whether the sentence is for some other reason manifestly excessive. *Commonwealth v. Campolei,* 284 Pa.Super. 291, 425 A.2d 818 (1981).

Appellant argues that Judge Erb did not adequately take into account several factors militating in favor of a lighter sentence than the one imposed. Appellant mentions his background of abuse from an alcoholic father; the fact that appellant himself has alcohol and drug problems which he

has taken steps to alleviate; his prior criminal record involving only three relatively minor offenses; his good institutional record; and his rehabilitative needs.

We believe the record amply demonstrates that Judge Erb did take all these factors into account; in addition, the judge considered appellant's recent embracement of the Moslem faith, and the salubrious effect this could be expected to work on appellant's rehabilitation. However, Judge Erb was more impressed with the violent and precarious nature of the crime committed. The judge stressed appellant's extreme intoxication at the time of the robbery, and how appellant's holding a knife to Schmuck's throat in such a state could easily have resulted in far graver injury than the cuts to the hand that Schmuck actually suffered.

Judge Erb sufficiently stated his reasons for the sentence on the record, and we can find no abuse of discretion. We add that the sentence comports with the general principle of the Sentencing Code, "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b).

Affirmed.