485 A.2d 802

**COMMONWEALTH of Pennsylvania**

v.

**Nathaniel CARTER, Appellant.**

Superior Court of Pennsylvania.

Submitted April 30, 1984.

Filed Dec. 12, 1984.

Douglas M. Johnson, Assistant Public Defender, Souderton, for appellant.

Joseph A. Smyth, District Attorney, Norristown, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and CIRILLO, JJ.

WIEAND, Judge:

■ Nathaniel Carter committed acts constituting violations of parole and probation. After hearing, his parole was revoked, and he was directed to serve the balance of a 23 month maximum sentence previously imposed for recklessly endangering another person. Carter's probation was also revoked, and he was sentenced to serve a concurrent term of imprisonment of not less than nineteen months nor more than five years on a prior conviction for a firearms offense. Carter appealed. Although his appeal was filed from both orders, he has conceded the violations. His argument, therefore, is directed toward the new sentence of imprisonment imposed by the court. This sentence was imposed, he contends, without benefit of a pre-sentence investigation by a sentencing court which gave inadequate reasons for the sentence which it imposed. Because there is merit in this contention, the judgment of sentence imposed for the firearms offense will be vacated, and that matter will be remanded for resentencing.

The imposition of a sentence of imprisonment for the firearms offense was not accompanied by a statement of the court's reasons for the sentence. Moreover, the sentence was not preceded by a pre-sentence investigation. Although defense counsel made a specific request for a

pre-sentence investigation, the court denied his request. Appellant had previously been on probation and parole,[1] the court said, and it was "not going to waste the facilities of the probation department." This is reflected by the following:

[THE COURT]: You have been around the courts too long to ask for a drug program now. You had all the essential elements working for you in order to get yourself a drug program. You had a probation officer that you could have asked for a drug program. You have had an extensive juvenile record. You have had a thread of violence throughout your career and you could not stay out of trouble when you were given probation and parole. All of these things don't militate any hand wringing at this point for your rehabilitation. If you want rehabilitation, you rehabilitate yourself. It is about time the public stopped supporting you throughout this community and you start supporting yourself. If you want a drug program, you get one at Graterford. The nonsense stops here. This is the second Gagnon that I have had in these files from you and there is a new charge still pending, floating around. Irresponsible behavior does not necessitate any help at this point. You are the one that is taking it. You are the one that got yourself into this thing and you are the one that continually breaks the law. The soft soap about drugs getting you into trouble does not go very far with me at this point.

. . . .

MR. WALSH: *Your Honor, at this time I would request a pre-sentence investigation for my client before sentencing. I hear your statements right now, Your Honor, that you don't feel a drug program is appropriate for the defendant. However, I feel that he*

1. The record does not disclose that a pre-sentence investigation had been made prior to the earlier sentences. These sentences had been imposed pursuant to a plea bargain and, apparently, without benefit of a pre-sentence investigation.

*should be at least evaluated to give you alternative thinking.* It is true that some of these charges— .

THE COURT: *I am not going to waste the facilities of the probation department. He has been on probation and parole twice. He has been readmitted. I am not wasting my time at all with any pre-sentence investigation. He has run the scheme.*

MR. WALSH: First of all, Your Honor, with regard to drug programs, some of them are much tougher than even Graterford.

. . . .

THE COURT: He is not going into a drug program. He has finally made the big time.

MR. WALSH: *You have stated that he has an extensive juvenile record and background. I have no knowledge of that past record. I only have knowledge of his prior adult record. I feel that with a pre-sentence investigation it will help to put on the record exactly what type of prior criminal record he does have.*

THE COURT: I hear you, but I don't hear you. —Go ahead. .

MR. WALSH: Your Honor, if you are going to sentence today, first of all note on the record that I have requested the pre-sentence investigation and note my exception.

■ Whether to dispense with a pre-sentence investigation rests primarily upon the exercise of a sound discretion by the trial court. Pa.R.Crim.P. 1403 A(1). The reasons for dispensing with a pre-sentence report, however, must be stated on the record and must be adequate to permit appellate review. Pa.R.Crim.P. 1403 A(2). "The first responsibility of the sentencing judge [is] to be sure that he ha[s] before him sufficient information to enable him to make a determination of the circumstances of the offense and the character of the defendant." *Commonwealth v. Doyle,* 275 Pa.Super. 373, 381, 418 A.2d 1336, 1340 (1979). Accord: *Commonwealth v. Young,* 299 Pa.Super. 488, 491,

445 A.2d 1235, 1236 (1982). The responsibility is no less urgent where the defendant comes before the court as a probation violator. A sentencing court is not excused from this responsibility merely because the court desires to relieve the probation department from an additional assignment.

■ Each person sentenced must receive a sentence fashioned to his or her individual needs.

> The constraints placed upon the trial court in the exercise of its [sentencing] discretion are that it must not overlook pertinent facts, disregard the force of the evidence, commit an error of law, or inflict punishment exceeding that prescribed by statute. The trial court must thoroughly examine the facts and circumstances of the crime and the background and character of the defendant, and should consult a pre-sentence report if one has been prepared, especially where, as here, incarceration for one year or more is a possible disposition. Likewise, the court should consider any information in the record bearing on degree of punishment.

*Commonwealth v. Franklin*, 301 Pa.Super. 17, 25–26, 446 A.2d 1313, 1317 (1982), quoting *Commonwealth v. Knight*, 479 Pa. 209, 212–213, 387 A.2d 1297, 1299 (1978) (citations omitted).

In the instant case the court did not explain its sentence except to say that it was rejecting appellant's request that he be placed in a drug treatment program. Although the sentencing judge spoke generally of prior juvenile and adult records, the nature of appellant's prior record does not appear. Indeed, even appellant's counsel asserted a lack of knowledge of any juvenile record. Under these circumstances, and despite the broad discretion vested in the sentencing court, the court's unconfirmed assertion of familiarity with appellant's prior record does not constitute an adequate basis for dispensing with a pre-sentence investigation and imposing a sentence of imprisonment. Otherwise,

the sentence becomes entirely subjective with the sentencing judge and does not permit of appellate review.

In *Commonwealth v. Weldon*, 287 Pa.Super. 533, 430 A.2d 1180 (1981), this Court held that "[t]he failure of [a] court to give reasons for dispensing with a presentence report especially considered with the failure to adequately state the reasons for sentencing and a consideration of the statutory guidelines for sentencing require that ... we vacate the sentence and remand for resentencing." *Id.*, 287 Pa.Superior Ct. at 538, 430 A.2d at 1182. Cf. *Commonwealth v. Bryner*, 285 Pa.Super. 305, 309 & n. 2, 427 A.2d 236, 237–238 & n. 2 (1981); *Commonwealth v. Schwartz*, 267 Pa.Super. 170, 173 n. 5, 406 A.2d 573, 574 n. 5 (1979).

■ So, too, in this case, the sentence imposed for the firearms offense must be vacated and the case remanded for resentencing. The order revoking parole, however, was proper and can be affirmed.[2]

It is so ordered. Jurisdiction is not retained.

CIRILLO, J., filed a dissenting opinion.

CIRILLO, Judge, dissenting:

I respectfully dissent.

Appellant contends that the court erred in refusing to direct the preparation of a pre-sentence investigation report prior to sentencing. Further he asserts that the sentence imposed is harsh and excessive, and lacking substantiation on the record. I would find these contentions to be without merit and would affirm the judgment of sentence.

The record reveals that the trial court adequately complied with the provisions of Pa.R.Crim.P. 1403 in electing to dispense with the pre-sentence investigation and in stating

2. The order revoking parole did not impose a new sentence; it required appellant, rather, to serve the balance of a valid sentence previously imposed.

its reasons for doing so. Rule 1403 provides in pertinent part:

(1) The sentencing Judge may, in his discretion order a pre-sentence investigation report in any case.

(2) The sentencing Judge shall place on the record his reasons for dispensing with the pre-sentence investigation report if the court fails to order a pre-sentence report in any of the following instances: (a) where incarceration for one year or more is a possible disposition under the applicable sentencing statute ...

It is the responsibility of the sentencing judge to have before him sufficient information to enable him to determine the character of the defendant and the nature of the offense. *Commonwealth v. Doyle,* 275 Pa.Super. 373, 418 A.2d 1336 (1979). The majority's bare assertion that: "The responsibility is no less urgent where the defendant comes before the court as a probation violator. A sentencing court is not excused from the responsibility merely because the court desires to relieve the probation department from an additional assignment," ignores what actually occurred in the case at bar.

Judge Salus was fully apprised of the circumstances attendant to the appellant's case, after having conducted extensive colloquies in October, 1981, and in March, 1983. The judge was impressed with the failure of the appellant to abide by the terms of his probation and parole, his failure to obtain employment, his continuing use of drugs, and his initial refusal to participate in a rehabilitative drug program. Noting both that the appellant had a thorough understanding of the criminal proceedings, and that any further investigation would serve only to waste the facilities of the probation department, Judge Salus denied the appellant's request for a pre-sentence report and sentence was imposed thereafter.

Moreover, I would also find without merit, appellant's contention that the court failed to articulate its reasons on

the record and thereby imposed a manifestly harsh and excessive sentence.

It is well settled that Pennsylvania trial judges are vested with broad sentencing discretion with which the appellate courts will not interfere absent manifest abuse. *Commonwealth v. Black*, 321 Pa.Super. 44, 467 A.2d 884 (1983). To facilitate meaningful appellate review and to insure that discretion has been exercised, the sentencing court must state on the record its reasons for the sentence imposed. *Commonwealth v. Riggins*, 474 Pa. 115, 377 A.2d 140 (1977). *Commonwealth v. Mead*, 300 Pa.Super. 510, 446 A.2d 971 (1982). The crucial function of *Riggins* is to preserve the legitimacy of the sentencing process. *Cf. Commonwealth v. Puchalski*, 310 Pa.Super. 199, 456 A.2d 569 (1983). The requirement of setting forth a statement of reasons allows us to discern the sentencing judge's thought process. *Commonwealth v. O'Brien*, 282 Pa.Super. 193, 422 A.2d 894 (1980). While the court need not enumerate the factors of the Sentencing Code, 42 Pa.C.S. § 9721 *et seq.*, there must be a sufficient statement to indicate that the court did consider them. *See e.g., Commonwealth v. Wareham*, 259 Pa.Super. 527, 393 A.2d 951 (1978).

Although Judge Salus did not proceed seriatim, the record amply demonstrates that he considered the specified factors of the Sentencing Code. The appellant had originally received a light term of imprisonment with a subsequent parole and a term of probation to afford him an opportunity to pursue rehabilitation. These minimal restrictions had not been effective, and accordingly, Judge Salus felt obligated to impose total confinement. The sentence imposed comports with the general principle of the Sentencing Code, "that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). In short, we know why appellant is now behind bars.

Accordingly, I would affirm the judgment of sentence.