J. S25006/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
MICHAEL RHODY, : No. 419 WDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, February 11, 2015,
in the Court of Common Pleas of Allegheny County
Criminal Division at No. CP-02-CR-0011813-2011


BEFORE: FORD ELLIOTT, P.J.E., MUNDY AND JENKINS, JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED MAY 12, 2016**

Michael Rhody appeals from the judgment of sentence entered by the

Court of Common Pleas of Allegheny County on February 11, 2015, following

revocation of his probation. We are constrained to vacate appellant's

judgment of sentence and remand for resentencing.

The record reflects that from May 12, 2011 through July 27, 2011,

appellant, then 49 years old, communicated on the internet and through a

webcam with an undercover investigator who appellant believed to be a

14-year-old girl. These communications resulted in appellant being arrested

and charged with two counts of unlawful contact with minor, one count of

criminal use of a communication facility, one count of criminal solicitation,

and one count of criminal attempt.[1] In a negotiated plea, the Commonwealth agreed to withdraw the criminal solicitation charge, and appellant agreed to plead guilty to the remaining charges. On April 2, 2012, the sentencing court sentenced appellant to one year of electronic monitoring with a concurrent seven-year term of probation on the unlawful contact with minor charge. The sentencing court assessed no further penalty with respect to the remaining charges. Following a status conference on April 26, 2012, the sentencing court entered an order that amended appellant's sentence and sentenced him to a seven-year term of probation.

Following a probation-violation hearing on July 15, 2013, the sentencing court revoked appellant's probation because, among other things, appellant had violated the terms of his probation by viewing pornography, having contact with minors, failing to participate in therapy, and initiating an altercation with his probation officer. The sentencing court then sentenced appellant to 10 to 20 months' incarceration, followed by 6 months of electronic monitoring and 5 years' probation.

On February 11, 2015, the sentencing court held another probation-violation hearing, during which the court revoked appellant's probation, and sentenced him to 5 to 10 years' incarceration.

---

[1] 18 Pa.C.S.A. §§ 6318(a)(1) and (a)(4), 18 Pa.C.S.A. § 7512(a), 18 Pa.C.S.A. § 902(a), and 18 Pa.C.S.A. § 901(a), respectively.

On February 24, 2015, appellant filed a motion to reconsider sentence, which the sentencing court denied. On March 12, 2015, appellant then filed a notice of appeal to this court. The sentencing court ordered appellant to file a concise statement of matters complained of on appeal in accordance with Pa.R.A.P. 1925(b). Appellant complied, and the sentencing court addressed the merits of appellant's claims in its Pa.R.A.P. 1925(a) opinion.

Appellant raises the following two issues for our review:

> I.   In revoking [appellant's] probation and sentencing him to a sentence of total confinement of 5-10 years['] state incarceration, whether the [sentencing] court abused its sentencing discretion when [appellant] committed only technical violations of probation and the requirements of 42 Pa.C.S.A. § 9721(b) and 42 Pa.C.S.A. § 9725 were not met?
>
> II.  In revoking [appellant's] probation and sentencing him to a state sentence of total confinement of 5-10 years['] incarceration, whether the [sentencing] court abused its sentencing discretion when it failed to order a pre-sentence investigation report or conduct an appropriate colloquy at the probation-violation hearing, and it also relied on misinformation in imposing sentence?

Appellant's brief at 5 (footnotes omitted).

Appellant challenges the discretionary aspects of his sentence.

> To reach the merits of a discretionary sentencing issue, we conduct a four-part analysis to determine: (1) whether Appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether Appellant's brief

- 3 -

has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the sentencing code.

**Commonwealth v. Bromley**, 862 A.2d 598, 603 (Pa.Super. 2004).

We must first decide whether appellant's claims are properly before us. Where an appellant challenges the discretionary aspects of sentencing, appellant must raise the claim in a post-sentence motion or during the sentencing proceedings. **Commonwealth v. Mann**, 820 A.2d 788, 794 (Pa.Super. 2003).

Here, the sentencing court revoked appellant's probation and sentenced him on February 11, 2015. Trial counsel filed a timely notice of appeal, but did not object at sentencing. As for his post-sentencing motion, appellant concedes that the certificate of service attached to his motion is dated February 18, 2015, but that the document is time stamped as having been filed of record on February 24, 2015. (Appellant's brief at 13 n.5.) The sentencing court, however, accepted appellant's motion for filing and then denied it. Appellant then filed a timely notice of appeal to this court and raised the discretionary aspects of his sentence in his Rule 1925(b) statement. Thereafter, in its Rule 1925(a) opinion, the sentencing court acknowledged appellant's post-sentence motion as timely filed and then it addressed the merits of appellant's issues. (Sentencing court opinion, 7/21/15 at 2-4.) In its brief, the Commonwealth raised appellant's untimeliness, but then addressed appellant's claims and suggested that we

address them in the interests of judicial economy because if we find waiver,

appellant will merely raise the claims in a Post Conviction Relief Act[2] petition.

Because the sentencing court deemed appellant's post-sentence

motion as timely and addressed the merits of appellant's challenges to the

discretionary aspects of sentence in its Rule 1925(a) opinion, and because

the Commonwealth also addressed the merits of appellant's claims in its

brief, we find that appellant's claims are properly before us.

> Sentencing is a matter vested in the sound discretion of the sentencing judge, whose judgment will not be disturbed absent an abuse of discretion. Appellant challenges the discretionary aspects of sentencing for which there is no automatic right to appeal. This appeal is, therefore, more appropriately considered a petition for allowance of appeal. Two requirements must be met before a challenge to the judgment of sentence will be heard on the merits. First, the appellant must set forth in his brief a concise statement of reasons relied upon for allowance of appeal with respect to the discretionary aspects of his sentence. Second, he must show that there is a substantial question that the sentence imposed is not appropriate under the Sentencing Code.
>
> The determination of whether a particular issue raises a substantial question is to be evaluated on a case-by-case basis.

**Bromley**, 862 A.2d at 604 (citation omitted).

Appellant has set forth a concise statement of reasons relied upon for

allowance of appeal with respect to the discretionary aspects of his sentence

pursuant to Pa.R.A.P. 2119(f). Moreover, it is within the scope of our review

---

[2] 42 Pa.C.S.A. §§ 9541-9546.

to consider challenges to the discretionary aspects of sentence in an appeal following a probation revocation. *Commonwealth v. Ferguson*, 893 A.2d 735, 737 (Pa.Super. 2006). "The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal." *Commonwealth v. Simmons*, 56 A.3d 1280, 1283 (Pa.Super. 2012) (citation omitted). "When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison." *Id.* at 1284 (citation omitted).

Here, appellant's challenge focuses upon the trial court's failure to order a pre-sentencing investigation report ("PSI") and the trial court's failure to conduct an appropriate colloquy at the sentencing hearing. This challenge presents a substantial question. *See Commonwealth v. Kelly*, 33 A.3d 638, 640 (Pa.Super. 2011) ("[A]n appellant's allegation that the trial court imposed sentence without considering the requisite statutory factors or stating adequate reasons for dispensing with a pre-sentence report [raises] a substantial question.").

At the outset, we note that based upon our review of the record before us, we are unable to determine what "technical violations" necessitated appellant's February 11, 2015 probation-violation hearing. Although probation officer Heather Bradford testified that "[d]ue to [appellant's]

technical violations, we are recommending that his probation be revoked," she stated that she is not appellant's probation officer, and that after speaking with her supervisor prior to the February 11, 2015 hearing, her understanding as to why revocation was recommended was that appellant "had a history of passive aggressiveness." (Notes of testimony, 2/11/15 at 2-3.) Ms. Bradford then testified to an incident involving another probation officer that resulted in appellant's probation being revoked on July 15, 2013. (*Id.* at 3.) Ms. Bradford never definitively articulated what "technical violations" necessitated the subject probation-violation hearing. Although she testified that appellant assaulted a resident at a halfway house, she then testified that simple assault charges filed against appellant in connection with that incident were withdrawn on December 3, 2014. (*Id.* at 3.) Ms. Bradford offered no further testimony concerning that alleged incident. Therefore, we are unable to discern what "technical violations" necessitated the probation-violation hearing that is the subject of this appeal.

Additionally, at the subject hearing, the record reflects that the sentencing court addressed previous hearings that it held in connection with appellant and this case, as follows:

> THE COURT: Mr. Rhody, this is our sixth hearing,[3] and I have done whatever I could within my power to get you on the straight and narrow to get you to comply with the terms and conditions of your

---

3 The record reflects that the probation-revocation hearing that is the subject of this appeal was the fourth hearing that appellant had before the sentencing court.

probation. I have been supervising you over two years. Well, it's been almost three years. I originally sentenced you and allowed you to live in Westmoreland County. As a result, one of the sheriffs found you were living in a communal type of situation where there were many children around, and there were many houses very close, and this was in spite of the fact that you knew you weren't to have any contact with minors.

We had a hearing because you apparently decided you were going to go on a camping trip to Dubois, and you did this when you weren't allowed to leave the jurisdiction. You failed two polygraphs, and the polygraphs indicated you had contact with minors against the terms and conditions of your probation, and that you had used the internet, and you were drinking. On top of all of that, you weren't participating in therapy.

*Id.* at 4-5. The conduct of appellant described by the sentencing court in the above colloquy, however, constituted the reasons why the sentencing court revoked appellant's probation and sentenced him to 10 to 20 months' incarceration in a prior proceeding that took place on July 15, 2013. With respect to the instant probation revocation and sentencing hearing, the sentencing court merely stated:

THE COURT: You were in alternative housing at Remnant House, and you got in a fight there, and you were thrown out.[4] You have been incarcerated, and you are in total noncompliance with your probation. This is my sixth hearing.[5]

---

[4] Nothing in the record demonstrates that appellant was "thrown out" of alternative housing.

[5] Again, the record reflects that the probation-revocation hearing that is the subject of this appeal was the fourth hearing that appellant had before the sentencing court.

- 8 -

> You have worn me out. I can't supervise you [anymore]. Somebody else has to do it. For the reasons I have stated at the CC 201111813, I revoke your probation and order you to serve five to ten years at the State Correctional Institution at Camp Hill, with credit for the time you have served on this case.

*Id.* at 6.

The above colloquy fails to satisfy Pa.R.Crim.P. 702.[6] Although a sentencing court may dispense of a PSI, it must place its reasons for doing

---

[6] Rule 702. Aids in Imposing Sentence

**(A)  Pre-sentence Investigation Report**

> (1)  The sentencing judge may, in the judge's discretion, order a pre-sentence investigation report in any case.
>
> (2)  The sentencing judge shall place on the record the reasons for dispensing with the pre-sentence investigation report if the judge fails to order a pre-sentence report in any of the following instances:
>
> > (a)  when incarceration for one year or more is a possible disposition under the applicable sentencing statutes;
> >
> > (b)  when the defendant is less than 21 years old at the time of conviction or entry of a plea of guilty; or
> >
> > (c)  when a defendant is a first offender in that he or she has not heretofore been sentenced as an adult.

so on the record.[7] *Id.*; *see also Commonwealth v. Flowers*, 950 A.2d 330, 332-333 (Pa.Super. 2008).

Finally, technical non-compliance with Rule 702(A)(2) might be rendered harmless when the sentencing court elicits sufficient information during the colloquy to substitute for a PSI. *Flowers*, 950 A.2d at 333 (citation omitted). A court's previous contact with an appellant, however, does not approach the level of thoroughness afforded by a properly-crafted PSI report.[8] *Id.*

---

(3) The pre-sentence investigation report shall include information regarding the circumstances of the offense and the character of the defendant sufficient to assist the judge in determining sentence.

(4) The pre-sentence investigation report shall also include a victim impact statement as provided by law.

[7] We note that in its Rule 1925(a) opinion, the sentencing court stated that it dispensed with the PSI report because appellant waived it. The record, however, reflects that appellant waived the PSI report in his original sentencing hearing because of the negotiated plea and the agreement to probation, as opposed to incarceration. (Notes of testimony, 1/4/12 at 8.)

[8] A properly crafted PSI report must address at least the following factors:

(A) a complete description of the offense and the circumstances surrounding it, not limited to aspects developed for the record as part of the determination of guilt;

(B) a full description of any prior criminal record of the offender;

- 10 -

(C)    a description of the educational background of the offender;

(D)    a description of the employment background of the offender, including any military record and including his present employment status and capabilities;

(E)    the social history of the offender, including family relationships, marital status, interests and activities, residence history, and religious affiliations;

(F)    the offender's medical history and, if desirable, a psychological or psychiatric report;

(G)    information about environments to which the offender might return or to which he could be sent should probation be granted;

(H)    supplementary reports from clinics, institutions and other social agencies with which the offender has been involved;

(I)    information about special resources which might be available to assist the offender, such as treatment centers, residential facilities, vocational training services, special educational facilities, rehabilitative programs of various institutions to which the offender might be committed, special programs in the probation department, and other similar programs which are particularly relevant to the offender's situation;

(J)    a summary of the most significant aspects of the report, including specific recommendations as to the sentence if the sentencing court has so requested.

*Flowers*, 950 A.2d at 333 n.2 (citations omitted).

> Indeed, this Court has held expressly that even where repeated probation violation hearings have rendered the sentencing judge substantially familiar with the defendant's criminal history, a PSI report remains necessary. **See Commonwealth v. Carter**, 336 Pa. Super. 275, 485 A.2d 802, 804 (Pa. Super. 1984) (vacating judgment of sentence based upon trial judge's failure to obtain a PSI report following second **Gagnon**[9] revocation hearing). This mandate springs from the imperative of individualized sentencing; "[e]ach person sentenced must receive a sentence fashioned to his or her individual needs." **Id.** To achieve that objective, the trial judge, before imposing sentence, even on a probation or parole revocation, must actively explore the defendant's character and his potential response to rehabilitation programs. **See id.** (admonishing that the responsibility of a sentencing judge to consider the character of the defendant in conjunction with the offense "is no less urgent where the defendant comes before the court as a probation violator"). Indeed, given the defendant's failure to respond to the original sanction of probation, the need for scrutiny of his character and underlying social influences is arguably enhanced, confirming the need of a current PSI report contoured to reflect the defendant's most recent offenses. Such a report is invaluable to informed sentencing and cannot be duplicated by the trial court's "unconfirmed assertion of familiarity with the [defendant's] prior record[.]"

**Flowers**, 950 A.2d at 333-334 (citation omitted).

Here, although this court has great respect for the experience of the learned sentencing judge, and although we can understand her frustration with appellant, we cannot find that the record contains sufficient information

---

[9] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973) (due process requires appellant to be given preliminary (**Gagnon I**) and final (**Gagnon II**) hearing prior to revoking probation).

to have enabled her to fashion a sentence to meet appellant's individual needs, to guard against recidivism, to promote rehabilitation, and to balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. Consequently, we vacate judgment of sentence and remand for re-sentencing on the basis of a PSI report or, alternatively, a thorough colloquy that sets forth the information that a PSI report would otherwise provide.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Mundy, J. joins the Memorandum.

Jenkins, J. files a Dissenting Memorandum.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/12/2016