J. S52012/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINIC OTERO, | : | No. 75 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 25, 2015,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0000159-2012

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINIC OTERO, | : | No. 76 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 25, 2015,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0005046-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINIC OTERO, | : | No. 77 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, November 25, 2015,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0005003-2013

J. S52012/16

BEFORE: FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　**FILED AUGUST 18, 2016**

Dominic Otero appeals from the judgment of sentence of November 25, 2015, following revocation of his parole. Appointed counsel, Patrick J. Connors, Esq., has filed a petition to withdraw and accompanying ***Anders*** brief.[1] We grant Attorney Connors' withdrawal petition and affirm the judgment of sentence.

> On November 25, 2015 after a ***Gagnon II*** hearing[2] addressing each of the above cases [(CP-23-CR-159-2012, CP-23-CR-5003-2013, & CP-23-CR-5046-2013)] [appellant]'s parole was revoked and sentences of full back time were imposed. In Case Number 5046-2013 where [appellant] was convicted of theft by unlawful

---

* Retired Senior Judge assigned to the Superior Court.

[1] ***See Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981).

[2] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

> [W]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made.

***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240 (Pa.Super. 2009) (citations omitted).

taking[Footnote 1] full backtime of 274 days of incarceration was imposed. In Case Number 5003-2013 where [appellant] was convicted of accidents involving death or personal injury[Footnote 2] (2 counts) and accidents involving damage to an unattended vehicle[Footnote 3], an aggregate sentence of full backtime of 274 days of incarceration was imposed. In Case Number 159-2012 where [appellant] was convicted of firearms[Footnote 4] not to be carried without a license a sentence [of] full backtime of 274 days of incarceration was imposed. Case Number 5046-2013 and Case Number 5003-2013 are to be served concurrently and consecutive to the sentence imposed in Case Number 159-2012. [Appellant]'s violations are well-supported by the record. George Buckley, [appellant]'s supervising parole officer testified to [appellant]'s numerous and continuous violations, including most recently a conviction for retail theft and conspiracy to commit retail theft. See N.T. 11/25/15 pp. 4-9. This was [appellant]'s third **Gagnon II** proceeding in Case Number 159-2012 and his second in the remaining cases.

[Footnote 1] 18 Pa.C.S.A. § 3921(A)

[Footnote 2] 75 Pa.C.S.A. § 3742(A)

[Footnote 3] 75 Pa.C.S.A. § 3745(A)

[Footnote 4] 18 Pa.C.S.A. § 6106(A)(1)

Trial court opinion, 1/20/16 at 1-2.

Appellant's motion for reconsideration of sentence **nunc pro tunc** was denied, and a timely notice of appeal was filed on December 22, 2015. On December 23, 2015, appellant was directed to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); on January 13, 2016, appellant filed a statement of

intent to file an *Anders* brief in accordance with Rule 1925(c)(4). On January 20, 2016, the trial court filed a Rule 1925(a) opinion.

Appellant has raised the following issue for this court's review: "Whether the imposition of aggregate back time of 548 days was harsh and excessive under the circumstances?" (Appellant's brief at 3.)

> When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa.Super. 2007) (*en banc*). Before counsel is permitted to withdraw, he or she must meet the following requirements:
>
>> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.
>
> [*Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009).]

*Commonwealth v. Bynum-Hamilton*, 135 A.3d 179, 183 (Pa.Super. 2016), quoting *Commonwealth v. Martuscelli*, 54 A.3d 940, 947 (Pa.Super. 2012) (footnote omitted).

Upon review, we find that Attorney Connors has complied with all of the above requirements. In addition, Attorney Connors served appellant

with a copy of the **Anders** brief and advised him of his right to proceed **pro se** or hire a private attorney to raise any additional points he deemed worthy of this court's review. Appellant has not responded to counsel's motion to withdraw. Once counsel has satisfied the above requirements, it is then this court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **Commonwealth v. Hernandez**, 783 A.2d 784, 786 (Pa.Super. 2001). As we find the requirements of **Anders** and **Santiago** are met, we will proceed to the issues on appeal.

Appellant argues that his aggregate sentence of 548 days' imprisonment was excessive. (Appellant's brief at 6.) Appellant argues that he is needed at home to care for his ailing mother who is recovering from back surgery. (**Id.**)

At the time he was convicted of the new charges, appellant was on parole, not probation. The sentencing options available after probation revocation are not the same as are available following parole revocation. After determining that parole has been violated, the trial court only has authority to recommit the defendant to serve out the balance of the term from which he had been paroled. 61 Pa.C.S.A. § 6138(a)(2).[3] By contrast,

---

[3] If the parolee's recommitment is so ordered, the parolee shall be re-entered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.

upon revocation of probation, the court possesses the same sentencing alternatives that it had at the time of the initial sentencing. 42 Pa.C.S.A. § 9771(b). **See Com., Dept. of Corrections v. Reese**, 774 A.2d 1255, 1262 (Pa.Super. 2001), **appeal denied**, 790 A.2d 1016 (Pa. 2001) ("When a parolee is recommitted as a convicted parole violator, he is required to serve the remainder of his unexpired [prison] term, and shall be given no credit for the time at liberty on parole." (internal quotation marks and citations omitted)).

Once the trial court revoked appellant's parole, its only sentencing option was to recommit appellant to serve out the balance of his sentence. As this court explained in **Commonwealth v. Galletta**, 864 A.2d 532 (Pa.Super. 2004), addressing a similar challenge to the sentence imposed following parole revocation:

> In **Commonwealth v. Mitchell**, 429 Pa.Super. 435, 632 A.2d 934 (1993), this Court set forth the following, which guides our analysis in the present case:
>
>> Clearly, the order revoking parole does not impose a new sentence; it requires appellant, rather, to serve the balance of a valid sentence previously imposed. **See Commonwealth v. Carter**, 336 Pa.Super. 275, 281 n. 2, 485 A.2d 802, 805 n. 2 (1984). Moreover, such a recommittal is just that—a recommittal and not a sentence. **Abraham v. Dept. of Corrections**, 150 Pa.Cmwlth. 81, 97, 615 A.2d 814, 822 (1992). Further, at a "Violation of Parole" hearing, the court is not free to

give a new sentence. The power of the court after a finding of violation of parole in cases not under the control of the State Board of Parole is "to recommit to jail. . . ." **_See Commonwealth v. Fair_**, 345 Pa.Super. 61, 64, 497 A.2d 643, 645 (1985), citing 61 P.S. § 314. There is no authority for giving a new sentence with a minimum and maximum. **_Id._** at 61, 497 A.2d at 645. Therefore, an appellant contesting a revocation of parole need not comply with the provisions of Pa.R.A.P. 2119(f) by first articulating a substantial question regarding the discretionary aspects of sentencing. . . . The sole issue on appeal is whether the trial court erred, as a matter of law, in revoking appellant's parole and committing him to a term of total confinement.

> **_Id._** at 936. **_See also Commonwealth v. Ware_**, 737 A.2d 251, 253 (Pa.Super. 1999) (relying on **_Mitchell_** and reaffirming that "upon revocation of parole, the only sentencing option available is recommitment to serve the balance of the term initially imposed").

**_Id._** at 538-539. "Appellant's argument that this sentence is harsh and excessive cannot be addressed in the context of a review of a parole revocation, since as the **_Mitchell_** court held 'there is no authority to give a new sentence. . . .'" **_Id._** at 539, quoting **_Mitchell_**, 632 A.2d at 936.

Furthermore, it is clear that the trial court did not abuse its discretion in revoking appellant's parole where he was arrested multiple times and refused to comply with the conditions of supervision, including using controlled substances. (Notes of testimony, 11/25/15 at 8.) In March 2013,

appellant was arrested on four separate occasions. (*Id.*) He was detained once for use of a firearm, in violation of the rules and regulations of his probation/parole. (*Id.* at 9.) In August 2015, he was arrested on new charges and was convicted of conspiracy to commit retail theft. (*Id.* at 6, 9.) The November 25, 2015 hearing was appellant's third *Gagnon II* hearing. (*Id.* at 11.)

For the reasons discussed above, we determine that appellant's issues on appeal are wholly frivolous and without merit. Furthermore, after our own independent review of the record, we are unable to discern any additional issues of arguable merit. Therefore, we will grant Attorney Connors' petition to withdraw and affirm the judgment of sentence.

Petition to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2016