J-S79025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RYSHEEM N. CADE :
:
Appellant : No. 1188 EDA 2017

Appeal from the Judgment of Sentence March 6, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000807-2014,
CP-51-CR-0005244-2013, CP-51-CR-0007952-2016,
CP-51-CR-0010534-2016

BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY LAZARUS, J.: **FILED FEBRUARY 13, 2018**

Rysheem N. Cade appeals from his judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his conviction for multiple offenses and revocation of his probation. After review, we affirm.

On June 4, 2013, Cade entered a guilty plea to the charge of possession with intent to distribute ("PWID").[1] The same day the trial court sentenced Cade to three years of probation. On January 2, 2014, police arrested Cade while on probation. He subsequently pled guilty to robbery with threat of imminent serious injury[2] and conspiracy to commit robbery.[3] On July 15,

---

[1] 35 P.S. § 780-113(a)(30).

[2] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[3] 18 Pa.C.S.A. § 903.

2015, the trial court sentenced Cade to 11½ to 23 months' imprisonment, followed by five years' probation.

On May 17, 2016, at approximately 11:25 p.m., Cade banged on the door of the residence located at 2408 West Allegheny Avenue in Philadelphia, briefly argued with the resident inside, and then left. Shortly thereafter, Cade returned to the residence and kicked in the door. He entered the residence with another person and pointed a black handgun at the resident while demanding money. Cade took approximately $300.00 from a purse and additional money from a dresser before fleeing the scene. On June 17, 2016, police arrested Cade and charged him with robbery and related charges. While incarcerated awaiting a hearing, Cade was found in possession of Suboxone in his prison cell and was charged with possession of a controlled substance.[4]

On March 6, 2017, Cade entered into a negotiated guilty plea to the charges of robbery with the threat of serious injury,[5] conspiracy to commit robbery,[6] possession of a prohibited firearm,[7] and possession of a controlled substance. The trial court subsequently sentenced Cade to five to ten years' imprisonment, followed by sixteen years' probation.

---

[4] 18 Pa.C.S.A. § 5123(a.2).

[5] 18 Pa.C.S.A. § 3701(a)(1)(ii).

[6] 18 Pa.C.S.A. § 903.

[7] 18 Pa.C.S.A. § 6105(a)(1).

Cade's 2016 robbery and possession offenses violated the terms of his probation for his 2013 and 2014 convictions. Accordingly, the trial court revoked Cade's probation and imposed a violation of probation ("VOP") sentence of five to ten years' imprisonment. Ultimately, the trial court sentenced Cade to an aggregate term of 10 to 20 years' imprisonment and 16 years' probation for the 2016 offenses and the VOPs.

On March 30, 2017, Cade filed a motion for reconsideration of sentence *nunc pro tunc*, which was denied. Cade filed a timely notice of appeal on April 5, 2017. Both the trial court and Cade have complied with Pa.R.A.P. 1925. On appeal, Cade raises the following issues for our review:

> 1. Did not the lower court abuse its discretion by sentencing appellant to an aggregate [10] to [20] years of incarceration, followed by [16] years of probation, where the sentence is manifestly excessive and the lower court failed to consider [Cade's] rehabilitative needs.
>
> 2. Did not the lower court abuse its discretion by sentencing [Cade] to an aggregate [10] to [20] years of incarceration, followed by [16] years of probation, where the lower court only discussed the severity of the offense and did not discuss [] the decision to run [Cade's] sentences consecutively.
>
> 3. Did not the lower court abuse its discretion by failing to order a pre-sentence investigation [("PSI)"] report and failing to explain why one was not ordered where the hearing record contains no indications that the lower court had the "essential and adequate" information that would be contained in one?

Brief of Appellant, at 3.

On appeal, Cade challenges the discretionary aspects of his sentence. A challenge to the discretionary aspects of sentence is not absolute, but

rather, "must be considered a petition for permission to appeal." ***Commonwealth v. Simmons***, 56 A.3d 1280, 1286 (Pa. Super. 2012) (quotation and citation omitted). To reach the merits of a discretionary issue, this Court must determine:

> (1) whether the appeal is timely; (2) whether the [a]ppellant preserved [the] issue; (3) whether [a]ppellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.

***Commonwealth v. Edwards***, 71 A.3d 323, 329-30 (Pa. Super. 2013) (citation omitted).

Cade has complied with the procedural requirements for this appeal; he filed both a timely post-sentence motion for reconsideration of sentence and a timely notice of appeal. Cade also includes in his brief a concise statement of reason relied upon for appeal with respect to the discretionary aspects of the sentence, pursuant to Pa.R.A.P. 2119(f). ***See*** Brief of Appellant, at 9-11. Therefore, inquiry turns to whether Cade raised a substantial question justifying our review.

A substantial question exists when an appellant sets forth "a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms underlying the sentencing process." ***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 184 (Pa. Super. 2016) (citation omitted).

In his Rule 2119(f) statement, Cade avers: (1) the lower court violated section 9721(b) of the Sentencing Code by failing to consider the gravity of the offense and his rehabilitative needs; (2) his aggregate sentence was excessive; (3) the trial court failed to state adequate reasons on the record for his sentence; and (4) the trial court failed to review a PSI report and did not explain on record why a PSI report was not ordered.

"A defendant may raise a substantial question where he receives consecutive sentences within the guideline ranges if it involves circumstances where the application of the guidelines would be clearly unreasonable, resulting in an excessive sentence[.]" ***Commonwealth v. Dodge***, 77 A.3d 1263, 1270 (Pa. Super. 2013). "[H]owever, a bald claim of excessiveness due to the consecutive nature of a sentence will not raise a substantial question. ***Id.***, citing ***Commonwealth v. Moury***, 992 A.2d 162, 170-72 (Pa. Super. 2010) ("The imposition of consecutive, rather than concurrent, sentences may raise a substantial question in only the most extreme circumstances, such as where the aggregate sentence is unduly harsh[.]"). "In determining whether a substantial question exists, . . . we look to whether the appellant has forwarded a plausible argument that the sentence, when it is within the guideline ranges, is clearly unreasonable." ***Id.***

Cade's aggregate sentence of 10 to 20 years' imprisonment consists of various sentences for convictions sustained in 2013, 2014, 2016 and 2017. Cade negotiated an aggregate sentence of five to ten years' incarceration, followed by sixteen years' probation, for the 2017 conviction for robbery,

VUFA, criminal conspiracy and the 2016 conviction for possession of a controlled substance. Because Cade negotiated this sentence, he may not challenge it on appeal. ***Commonwealth v. Reid***, 117 A.3d 777, 784 (Pa. Super. 2015), quoting ***Commonwealth v. O'Malley***, 957 A.2d 1265, 1267 (Pa. Super. 2008) ("One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence"). Cade may only challenge the five to ten year sentence that the trial court imposed following Cade's 2017 convictions, on his revocation of probation.

Cade, however, has waived his challenge to the discretionary aspects of his VOP sentence because he has failed to request the notes of testimony from his revocation hearings. ***See*** Pa.R.A.P. 1911(a); ***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014) ("[A]ny claims that cannot be resolved in the absence of the necessary transcript . . . must be deemed waived for the purpose of appellate review[.]"); ***Commonwealth v. Peifer***, 730 A.2d 489, 492-93 (Pa. Super. 1999) (it is responsibility of appellant, not Superior Court, to provide complete record for review, including ensuring that any necessary transcript are included in official record).

We note, initially, that a revocation sentence is distinct from a traditional sentence. Upon revoking probation, the trial court is limited only by the maximum sentence that it could have imposed originally at the time of the probationary sentence. ***Commonwealth v. Pasture***, 107 A.3d 21, 25 (Pa. 2014). Furthermore, following a revocation hearing, a sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or

specifically reference the statutes in question. *Id.* at 28. This is, in part, because the defendant has previously appeared before the sentencing court, and thus, the stated reasons for a revocation of probation sentence need not be as elaborate as that which is required at initial sentencing. *Id.* Additionally, a trial court does not necessarily abuse its discretion in imposing a seemingly harsher post-revocation of probation sentence where the defendant received a lenient sentence the first time and then failed to adhere to the conditions imposed on him. *Id.*

Absent Cade's revocation hearing transcripts, we cannot determine whether the instant sentence is excessive, and thus, we cannot resolve Cade's claim on appeal. Additionally, the transcripts are necessary to determine whether Cade's subsequent crimes indicate a pattern of escalating violence and/or criminal behavior. *See Commonwealth v. Gibson*, 716 A.2d 1275, 1279 (Pa. Super. 1998) (significant sentence warranted where defendant blatantly disregarded opportunity to reform and continued his involvement in similar criminal conduct). Consequently, isolated examination of the parameters of Cade's sentence, sans the revocation hearing transcripts, is insufficient for us to render a decision as to whether his VOP sentence raises a substantial question and/or is excessive. Accordingly, we find Cade's issue waived. Pa.R.A.P. 1911(a); *Houck*, *supra*; *Peifer*, *supra*.[8]

---

[8] Even if Cade had not waived his multi-faceted claim that the trial court abused its discretion in fashioning his sentence, it is meritless. First, Cade

Cade next avers that the revocation court erred when it sentenced him without a PSI report. Generally, "[a] sentencing judge, may, in the judge's discretion, order a [PSI] report in any case." Pa.R.Crim.P. 702. However, if a defendant faces incarceration of one year or more, "a sentencing judge must either order a presentence report or conduct sufficient presentence inquiry such that, at a minimum, the court is apprised of the particular circumstances of the offense, not limited to those of record, as well as the defendant's personal history and background." *Commonwealth v. Goggins*, 748 A.2d 721, 728 (Pa. Super. 2000). Pa.R.Crim.P. 702(A)(2). "Nevertheless, we need not reject the possibility that technical noncompliance with the requirements of Rule 702(A)(2) might be rendered harmless had the court elicited sufficient information . . . to substitute for a PSI report, thereby allowing a fully informed

_____

averred that the lower court violated section 9721(b) of the Sentencing Code by failing to consider the gravity of the offense and his rehabilitative needs. Section 9721 is inapplicable in context of probation revocation, and thus Cade's invocation of the factors enumerated in section 9721 do not raise a substantial question. *See Pasture*, 107 A.3d at 27 (Pa. 2014) (in context of probation revocation "the Sentencing Guidelines do not apply, and the revocation court is not cabined by section 9721(b)[][.]").

Second, Cade argues that his aggregate sentence was excessive because it failed to consider his rehabilitative needs. Again, section 9721 does not apply to revocation hearings. Further, Cade's probation violations were both serious and violent in nature, at least one of which involved the use of a firearm.

Lastly, Cade contends that the trial court failed to state adequate reasons on the record for his sentence. The stated reasons for a revocation sentence need not be as elaborate as that which is required at initial sentencing. *Id.* at 28. However, we concede that without the revocation hearing transcripts, we are unable to discern whether Cade's claim bears merit.

sentencing decision." **Commonwealth v. Flowers**, 950 A.2d 330, 333 (Pa. Super. 2008).

An allegation that the trial court imposed a sentence without ordering a PSI report or stating reasons for dispensing with the PSI report raises a substantial question as to whether the trial court abused its discretion in sentencing. **Commonwealth v. Carrilo-Diaz**, 64 A.3d 722, 725 (Pa. Super. 2013). The trial court concedes that it did not order a PSI report, and thus, the key inquiry here is whether the trial court stated adequate reasons for dispensing with the PSI report.

Cade had already appeared before the trial court on numerous occasions, including various revocation hearings. We acknowledge that even where repeated revocation hearings have rendered the sentencing judge substantially familiar with Cade's criminal and/or personal history, a PSI report may remain necessary. **See Id.** at 334; **Commonwealth v. Carter**, 485 A.2d 802 (Pa. Super. 1984) (responsibility to obtain sufficient information to make sentencing determination is no less urgent where defendant comes before court as probation violator). However, the absence of the revocation hearings transcripts renders it impossible to discern, on appeal, whether the trial court had sufficient information to sentence Cade and/or sufficiently stated the reasons for dispensing with the PSI in a fashion adequate for appellate review.

The trial court, in its Rule 1925(a) statement, states that:

> The transcripts of the hearing reflects that [the trial court] made an inquiry about the age, education, and mental health of [Cade] and discussed the specific facts of the new charges that brought [Cade] before [the trial court] on that day. Further, [the trial court] was informed that [Cade] was not eligible for Recidivism Risk Reduction Incentive ("RRRI"). ***After an inquiry, [the trial court] made its reason for sentencing clear in open court, which is reflected in the transcript of the hearing.***

Trial Court Opinion, 6/27/17, at 6-7 (emphasis added) (citations to notes of testimony omitted). Again, absent the revocation hearing transcript, there is no way for this Court to validate the trial court's bald assertion that it "made its reason for sentencing clear in open court." ***Id.*** at 7. Therefore, we are constrained to find Cade has waived this issue on appeal. ***Houck***, ***supra***; ***Peifer***, ***supra***.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/13/18