494 A.2d 1131

**COMMONWEALTH of Pennsylvania**

v.

**William HOOVER, Jr., Appellant.**

Superior Court of Pennsylvania.

Argued March 11, 1985.

Filed June 14, 1985.

less, is meritless. Contrary to his belief, two wrongs do not make a right.

374

Christopher J. Youngs, Meadville, for appellant.

John F. Spataro, Assistant District Attorney, Meadville, for Commonwealth, appellee.

Before BECK, POPOVICH and HANDLER *, JJ.

BECK, Judge:

Appellant was convicted under section 1543 of the Vehicle Code, 75 Pa.C.S. § 1543, of driving while his license was suspended. Because the license suspension resulted from a conviction for driving under the influence of alcohol ("DUI"), appellant was sentenced to a 90–day prison term and fine of $1000 pursuant to subsection (b) of § 1543, 75 Pa.C.S. § 1543(b), which reads as follows:

(b) Certain offenses.—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) or because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

The sole issue raised on appeal is the constitutionality of § 1543(b). For the reasons stated below we affirm.

Appellant argues that § 1543(b) violates the equal protection clause by making an improper classification of "suspension offenders" and imposing a much harsher penalty[1] on DUI-related suspension offenders than others, with no rational basis for the distinction. He further argues that the mandatory sentence imposed under § 1543(b) constitutes cruel and unusual punishment, that it violates the separation of powers doctrine by taking away the court's sentencing discretion, and that the mandatory fine violates due process. Finally, he argues that the statute should not be

---

* Judge Earl Handler, Senior Judge of the Court of Common Pleas of Indiana County, is sitting by designation.

1. The penalty for driving under suspension in cases not covered by § 1543(b) is a fine of $200. 75 Pa.C.S. § 1543(a).

applied where the underlying DUI conviction took place before the January 14, 1983 effective date of the "New Drunk Driving Law," Act of December 15, 1982, P.L. 1268, No. 289, §§ 9–11, 75 Pa.C.S. §§ 3731, 3732, 3735. In this context he contends that such application "denies him due process of law by retroactively increasing the legal consequences of his prior guilty plea to driving while intoxicated."

Section 1543(b) was enacted in coordination with the New Drunk Driving Law as part of the legislature's broad response to the serious problem of intoxicated drivers. The economic losses, social disruptions and personal tragedies resulting from drunk driving are well documented and the subject of increasing public awareness. *See Commonwealth v. Mikulan*, 504 Pa. 244, 470 A.2d 1339 (1983).

 Appellant's constitutional challenges to § 1543(b) are without merit for the same reasons that similar constitutional attacks on the New Drunk Driving Law itself have failed. Hoover's equal protection, separation of powers, and cruel and unusual punishment arguments are essentially indistinguishable from those advanced against the mandatory sentencing provisions of 75 Pa.C.S. §§ 3731 and 3735 in *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 488 A.2d 293 (1985). In *Hernandez* this court held that the mandatory sentences prescribed by § 3731 did not violate the separation of powers doctrine because the enactment of statutes defining criminal conduct and imposing certain penalties for that conduct is a proper exercise of legislative power. On the cruel and unusual punishment issue, the *Hernandez* court found that the mandatory sentences for drunk driving comported with current societal standards of decency and held that "[t]he statutes do not impose a penalty so out of proportion to the crimes as to shock a balanced sense of justice." 339 Pa.Super. at 41, 488 A.2d at 298. Finally, on the equal protection question, we held in *Hernandez* that the legislative classification need only meet the rational relationship test, because no "suspect class"

was implicated, and the classification was clearly rationally related to the legitimate state interest in highway safety.

We agree with the reasoning of *Hernandez* and believe it is equally applicable to the corresponding arguments raised by appellant with respect to § 1543(b). Section 1543(b) does not violate the separation of powers doctrine because the legislature was acting within its recognized power to delineate the penalties for criminal conduct. The sentences imposed under § 1543(b) are not disproportionate to the gravity of the offense and are not repugnant to societal standards of justice. Finally, section 1543(b) is rationally related to the same state interests which motivated the legislature to enact the statutes at issue in *Hernandez*. The imposition of mandatory license suspensions for drunk driving reflects a proper legislative determination of the seriousness of the drunk driving problem, and § 1543(b) is rationally related to the legitimate goal of keeping those convicted drunk drivers off the roads during the period of their suspensions.

■ Appellant makes an additional equal protection claim not directly addressed in *Hernandez*. He argues that the distinction drawn in § 1543(b) between different classes of "suspension offenders" is constitutionally infirm because other violators whose suspensions or revocations stemmed from serious offenses, such as homicide by vehicle or racing on the highway, are not subject to the stiffer penalties of § 1543(b), and there is an equally persuasive rationale for imposing additional penalties to discourage such persons from driving. This argument fails because the equal protection clause does not force the legislature to choose between attacking all aspects of a problem or none at all. *Dandridge v. Williams*, 397 U.S. 471, 486–87, 90 S.Ct. 1153, 1162–63, 25 L.Ed.2d 491 (1970). We have determined that the legislature had a proper rational basis for being especially concerned about drunk drivers violating the conditions of their license suspensions and for imposing special sanctions designed to deter such suspension violations. The fact that the legislature could have made a similar judgment

with respect to other classes of hazardous motorists does not render invalid the actions it chose to take.

Appellant further contends that § 1543(b) may not constitutionally apply to cases where the underlying DUI conviction resulting in a suspension antedated the January 14, 1983 effective date of the New Drunk Driving Law. Appellant frames his argument in due process terms, urging that the imposition of the sentence prescribed by § 1543(b) denies him due process by retroactively increasing the consequences of his pre-January 14, 1983 guilty plea to DUI.

Although appellant does not refer to § 1543 as an impermissible ex post facto law, his argument is in substance a claim that § 1543(b) changes the punishment for his prior DUI offense, making it greater than it was when the offense was committed. This is one of the criteria for determining whether a statute violates the prohibition against ex post facto laws. *See Commonwealth v. Hoetzel,* 284 Pa.Super. 623, 426 A.2d 669 (1981). This court rejected a claim that the recidivist section of the New Drunk Driving Law, 75 Pa.C.S. § 3731(e)(1), was an ex post facto law in *Commonwealth v. Grady,* 337 Pa.Super. 174, 486 A.2d 962 (1984). We held in *Grady* that the amendment of § 3731 imposing stiffer sentences for second and subsequent DUI offenders did not impermissibly increase the sentence imposed for the prior conviction antedating the effective date of the amendment. Rather, the amendment simply defines the penalty for the subsequent offense based on the defendant's prior record.

As the *Grady* court correctly noted, recidivist statutes have generally been upheld against ex post facto challenges. Appellant's "due process" claim is identical in substance to the ex post facto claim in *Grady* despite the difference in language. *Grady* therefore controls and appellant's argument is meritless. Section 1543(b) does not impose an additional punishment for the underlying DUI conviction. The fact that appellant's DUI conviction followed a plea of guilty is irrelevant. Although a defendant

must be informed before pleading guilty to a crime of the sentences which may be imposed for that crime, there is no requirement that the guilty plea colloquy include discussion of the penalties for subsequent offenses which the defendant may commit at some unspecified time in the future. When appellant chose to drive while under suspension, section 1543(b) was in effect and appellant knew or should have known what the statutory punishment would be for his offense. Therefore, appellant had adequate prior notice of the possible consequences of his conduct and cannot claim his due process rights have been violated.

Finally, appellant argues that the imposition of a mandatory $1000 fine regardless of the defendant's ability to pay violates the due process clause. Appellant correctly notes that in *Commonwealth v. Mead*, 300 Pa.Super. 510, 446 A.2d 971 (1982), this court held that the sentencing court must inquire into the defendant's ability to pay where the imposition and amount of a fine is discretionary, but reserved judgment on whether a sentencing court must inquire into a defendant's ability to pay a "legislatively mandated fine." *Id.*, 300 Pa.Superior Ct. at 515 n. 3, 446 A.2d at 974 n. 3.

However, we do not read *Mead* as holding or even suggesting that we should find a statute unconstitutional merely because it imposes a mandatory fine. Rather, we believe the proper focus of our due process inquiry is on what procedural safeguards exist in the event a defendant is unable to pay a "legislatively mandated fine." Appellant's claim that section 1543(b) "rob[s him] of a fair procedure—indeed, any procedure—for determining how large a fine he is able to pay" (Appellant's Brief at 21), is meritless in light of 75 Pa.C.S. § 6504, which provides that the court may order installment payments where the defendant demonstrates his inability to pay a fine imposed under the Vehicle Code.[2] Moreover, it is clear that appellant cannot

2. Section 6504 applies only to Vehicle Code offenses. We do not decide at this juncture what procedures should be followed in other cases involving "legislatively mandated fines."

be imprisoned for nonpayment of the fine if he establishes he is unable to pay. *Tate v. Short,* 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Commonwealth v. Farmer,* 319 Pa.Super. 542, 466 A.2d 677 (1983); *Commonwealth v. Schwartz,* 275 Pa.Super. 112, 418 A.2d 637 (1980); *see also* Pa.Crim.P. 65. Because relief is available to appellant if he is unable to pay the $1000 fine, we hold that § 1543(b) does not deny appellant due process.

Judgment of sentence affirmed.