## Commonwealth v. Scott

*James W. Haines Jr., assistant district attorney,* for the Commonwealth.
*George B. Stegenga,* for defendant.

GILMORE, *J.,* April 25, 1986 — This matter is before the court on a petition by defendant to declare the provisions of 75 Pa.C.S. 1543(b) unconstitutional. Defendant stands charged with three sepa-

rate violations of driving during suspension and does not contest the facts in any of the citations, only the penalty. The act requires a mandatory 90-day jail sentence and $1,000 fine.

All of the arguments raised by defendant were addressed and denied by the Superior Court in Commonwealth v. Hoover, 343 Pa. Super. 372, 494 A.2d: 1131 (1985). The only remaining question not addressed by the Superior Court in the Hoover case is the effect of section 6503 of the Vehicle Code, 75 Pa.C.S. §6503. The act provides:

"§6503 SUBSEQUENT CONVICTIONS OF CERTAIN OFFENSES

Every person convicted of a second or subsequent violation of any of the following provisions shall be sentenced to pay a fine of not less than $200 nor more than $1,000 or to imprisionment for not more than one year, or both:

Section 1501 (a) (relating to drivers required to be licensed).

Section 1543 (relating to driving while operating privilege is suspended or revoked).

Section 3733 (relating to fleeing or attempting to elude police officer).

Section 3734 (relating to driving without lights to avoid identification or arrest).

Section 3748 (relating to false reports). June 17, 1976, P.L. 162, §1, eff. July 1, 1977."

In addition, section 6502 states:

"§6502 SUMMARY OFFENSES

(a) Violations of this title — It is a summary offense for any person to violate any of the provisions of this title unless the violation is by this title or other statute of this Commonwealth declared to be a misdemeanor or felony . . .

(c) Title 18 inapplicable — Title 18 (relating to crimes and offenses), insofar as it relates to fines

and imprisonment for convictions of summary offenses, is not applicable to this title." As amended July 10, 1984, P.L. 679, §11, effective in 60 days.

To impose a sentence as stern as allowed by section 6503 of the code in a summary setting flies in the face of the Rules of Criminal Procedure and the Sentencing Code.

The Supreme Court in Commonwealth v. Mayberry, 459 Pa. 91, 327 A2d. 86 (1974), stated as follows:

"The Constitution requires that one accused of a "serious offense" be given a jury trial. Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968). Cf. District of Columbia v. Clawans, 300 U.S. 617, 624-625; 57 S.Ct. 660, 661-662, 81 L.Ed. 843 (1937); Callan v. Wilson, 127 U.S. 540, 557, 8 S.Ct. 1301, 1307, 32 L.Ed. 223 (1888) . . .

The question becomes whether the crime charged, criminal contempt or otherwise, is "serious." The test is clear. The decisions of the Supreme Court of the United States "have established a fixed dividing line between petty and serious offenses: those crimes carrying more than six months sentence are serious and those carrying less are petty crimes." Codispoti v. Pennsylvania, 418 U.S. 506, 512, 94 S.Ct. 2687, 2691, 41 L.Ed.2d 912 (1974). See Taylor v. Hayes, supra; Baldwin v. New York, 399 U.S. 66, 68-69, 90 S.Ct. 1886, 1888, 26 L.Ed.2d 437 (1970); Frank v. United States, 395 U.S. 47, 149-150, 89 S.Ct. 1503, 1505-1506, 23 L.Ed.2d 162 (1969); Commonwealth v. Patterson, 452 Pa. 457, 463 n. 3, 308 A2d 90, 93-94, n.3 (1973); Commonwealth v. Bethea, 445 Pa. 161, 282 A.2d 246 (1971); Commonwealth v. Fletcher, 441 Pa. 28, 269 A.2d 727 (1971).

Ordinarily this task is accomplished by viewing the permissible sentences authorized by the legisla-

ture for a crime. Baldwin v. New York, supra; Dyke v. Taylor Implement Manufacturing Co., 391 U.S. 216, 88 S.Ct. 1472, 20 L.Ed.2d 538 (1968); see Cheff v. Schnackenberg, 384 U.S. 373, 86 S.Ct. 1523, 16 L.Ed.2d 629 (1966); cf. Louisiana State Board of Medical Examiners v. Bates, 258 La. 1049, 249 So.2d 127 (1971)."

In the context of this case, it is obvious that a prison term of one year would have to be considered a serious offense and that the basic rights guaranteed by the Constitution and outlined in the Rules of Criminal Procedure attach. This does not mean that the entire panoply of the Rules of Criminal Procedure come into play, but certainly the basic right to trial by jury, appointment of counsel, etc. do apply.

In this case the Commonwealth has not sought to impose the penalties as specified in section 6503. The Commonwealth only argues that the mandatory 90-day prison term is applicable. This court must construe a statute to be constitutional if it can do so. Commonwealth v. Sutley, 474 Pa. 256, 378 A2d. 780 (1977). It is the opinion of the court therefore that section 6503 of the act is not mandatory, and that the stricter sentences dictated therein may be imposed only if the Commonwealth gives defendant notice that it intends to do so and the case placed on the regular criminal trial list to be handled the same as any other criminal case pursuant to the Crimes Code and the Rules of Criminal Procedure.

## ORDER

And now, this April 25, 1986, defendant's motions and petitions are dismissed. This case shall be scheduled on the next regular summary list.