549 A.2d 583

**COMMONWEALTH of Pennsylvania**

v.

**John A. HILL, Appellant.**

Superior Court of Pennsylvania.

Submitted April 11, 1988.

Filed Oct. 11, 1988.
Petition for Allowance of Appeal Denied March 16, 1989.

36

Gary Lysaght, Lemoyne, for appellant.

Keith E. Kendall, Assistant District Attorney, Lewistown, for Com., appellee.

Before CAVANAUGH, MELINSON and WATKINS, JJ.

MELINSON, Judge:

This is an appeal from the Judgment of Sentence of the Court of Common Pleas of Mifflin County sentencing appellant for his violation of 75 Pa.C.S.A. Section 1543(b). We affirm.

The facts of the case are undisputed. On 31 March 1985, appellant, John A. Hill, was arrested and charged with a violation of 75 Pa.C.S.A. Section 3731, driving while under the influence of alcohol. In addition, Hill was charged with violating 75 Pa.C.S.A. Section 1547(b)(1) as a result of his refusal to submit to a chemical breath test. The charge of driving under the influence of alcohol was dismissed at a preliminary hearing before a District Justice. However, Hill's license was automatically suspended, effective 31 August 1985, for one year for his failure to submit to a chemical breath test.

On 30 June 1986, Hill was convicted by a District Justice of violating 75 Pa.C.S.A. Section 1543(b) by driving a motor vehicle while his operator's license was already under suspension for his previous violation of Section 1547(b)(1). Hill appealed his conviction to the Court of Common Pleas of Mifflin County. The Honorable Francis A. Searer presided over a *de novo* trial at which Hill was convicted. The learned trial court imposed the mandatory minimum sentence of ninety days' incarceration, fined Hill One Thousand Dollars ($1,000.00), suspended his operator's license an addi-

tional six months, and ordered him to pay the costs of prosecution. The trial court granted Hill leave to file a post-trial motion *nunc pro tunc.* Subsequently, the motion was denied by the trial court and this timely appeal followed.

On appeal, Hill claims that Section 1543(b) is unconstitutional as applied to him. More specifically, Hill contends that the sentence constitutes cruel and unusual punishment and, therefore, is unconstitutional because he is subject to the mandatory sentence regardless of the factual circumstances of his case; that Section 1543(b), as applied, violates due process of law because he was denied the opportunity to present evidence of mitigating circumstances in support of a lesser sentence; and, that he, as a member of an alleged "suspect sub-class" of DUI-related suspension offenders, was denied equal protection under the law because he received the same mandatory sentence for a DUI-related suspension as a person who was actually convicted for driving while under the influence of alcohol.

Although Hill does not challenge the constitutionality of 75 Pa.C.S.A. Section 1547 ("Implied Consent Law"), he does challenge the validity of Section 1543 as applied to him. Therefore, a review of the Implied Consent Law and the purpose underlying the Implied Consent Law is relevant to our determination of the constitutionality of the enhancement provisions of Section 1543. Section 1547 provides, in pertinent part:

**Section 1547. Chemical testing to determine amount of alcohol or controlled substance**

**(a) General rule.**—Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to one or more chemical tests of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a vehicle:

(1) while under the influence of alcohol or a controlled substance or both . . .

**(b) Suspension for refusal.—**

(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or controlled substance) is requested to submit to chemical testing and refuses to do so, the testing shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.

75 Pa.C.S.A. Section 1547(a)(1) & (b)(1).

The purpose of Section 1547 is to protect the public by providing an effective means of denying intoxicated motorists the privilege of using the roads of the Commonwealth. *Hando v. Commonwealth*, 84 Pa.Cmwlth. 63, 478 A.2d 932 (1984); *Commonwealth v. Charles*, 270 Pa.Super. 280, 411 A.2d 527 (1979). Further, the purpose is to facilitate acquisition of chemical analyses and to permit their utilization in legal proceedings. *Commonwealth v. Tylwalk*, 258 Pa.Super. 506, 393 A.2d 473 (1978).

Section 1543 sets forth the enhanced, mandatory penalties for driving while license is under suspension for a DUI-related offense as follows:

**Section 1543. Driving while operating privilege is suspended or revoked**

(a) **Offense defined.**—Except as provided in subsection (b), any person who drives a motor vehicle on any highway or trafficway of this Commonwealth after the commencement of a suspension, revocation or cancellation of the operating privilege and before the operating privilege has been restored is guilty of a summary offense and shall, upon conviction, be sentenced to pay a fine of $200.

(b) **Certain offenses.**—Any person who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when their operating privilege is suspended . . . because of a violation of section 1547(b)(1) (relating to suspension for refusal) . . . shall, upon conviction, be guilty of a summary offense and shall be sen-

tenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

75 Pa.C.S.A. Section 1543(a) & (b).

It is evident that the penalties imposed pursuant to Subsection (b) of Section 1543 are much harsher than the penalty contained in Subsection (a), including a larger fine and a mandatory period of incarceration. As noted by this court, "Section 1543(b) was enacted in coordination with the New Drunk Driving Law as part of the legislature's broad response to the serious problem of intoxicated drivers. The economic losses, social disruptions and personal tragedies resulting from drunk driving are well documented and the subject of increasing public awareness." *Commonwealth v. Hoover*, 343 Pa.Super. 372, 376, 494 A.2d 1131, 1133 (1985).

The trial court relied upon *Hoover* as its authority for holding that the sentencing provisions of Section 1543(b) are constitutional as applied to Hill. While we agree with the trial court's disposition of the instant matter, there are critical distinctions between this case and *Hoover* which must be noted and which makes this a matter of first impression. As a result, we are compelled to analyze anew the constitutionality of Section 1543(b).

Hoover was arrested for a violation of 75 Pa.C.S.A. Section 3731, which prohibits the operation of a motor vehicle while under the influence of alcohol. He was convicted of the charge, and his driver's license was suspended. Some time later, Hoover was charged with driving while his license was suspended as a result of his drunken driving conviction. He was sentenced, pursuant to Section 1543(b), to a mandatory ninety (90) day prison term and fined One Thousand Dollars ($1,000). Hoover challenged the constitutionality of Section 1543(b), alleging that it violated the constitutional prohibition against cruel and unusual punishment, his right to due process, and the Equal Protection Clause.

Hoover's precise issues were strikingly similar to the issues in the instant matter. First, Hoover asserted that

the mandatory sentence constituted cruel and unusual punishment. Second, he alleged that his right to due process was infringed by the retroactive application of Section 1543(b). Third, he argued that Section 1543(b) violated the Equal Protection Clause by improperly creating a new classification of suspension offenders, i.e. DUI-related suspension offenders. This court addressed and rejected the contentions raised by Hoover.

Like Hoover, Hill claims that the mandatory punishment, meted out to Hill as set forth in Section 1543(b), violates the prohibition against cruel and unusual punishment set forth in the United States Constitution and the Constitution of the Commonwealth of Pennsylvania. Initially, we must note that "an act of the legislature enjoys a presumption of constitutional validity which is not overcome unless the law clearly, palpably and plainly violates the constitution." *Commonwealth v. Cherpes*, 360 Pa.Super. 246, 268, 520 A.2d 439, 450 (1987) (citations omitted). A penalty is cruel and unusual when it is "an excessive and unnecessary punishment disproportionate to the crime" and when it "shocks the moral conscience of the community." *Commonwealth v. Sourbeer*, 492 Pa. 17, 33, 422 A.2d 116, 123 (1980). The most accurate indicators of "societal standards of justice" are the enactments of the duly elected representatives in the legislature.... In a democratic society legislatures, not courts, are constituted to respond to the will and consequently the moral values of the people. *Commonwealth v. Hernandez*, 339 Pa.Super. 32, 40, 488 A.2d 293, 298 (1985) (citations omitted).

■ Hill challenges the constitutionality of Section 1543(b) because of the mandatory nature of the punishment given to DUI-related suspension offenders. In a related contention, Hill asserts that the punishment is too harsh when one considers that he has not, at any time, been convicted of driving under the influence of alcohol. We have previously addressed the first prong of Hill's challenge to the mandatory penalties for all DUI-related suspension offenders. In *Hoover* and *Hernandez*, in response to

that precise allegation, we held that "the sentences imposed under Section 1543(b) are not disproportionate to the gravity of the offense and are not repugnant to societal standards of justice." *Hoover*, 343 Pa.Super. at 377, 494 A.2d 1131.[1] Accordingly, Hill's assertion is meritless.

Further, we find no merit to Hill's related contention that the mandatory penalties imposed upon Hill are too harsh. This court recognizes, as does our legislature, that drunk driving is a serious social problem that must be eradicated. The purpose of the drunk driving statutes is to protect the public from the tremendous hazard created by intoxicated motor vehicle operators both by facilitating the compilation of evidence of drunk driving and, by punishing, more stringently, those persons who violate the drunk driving laws. Consequently, the legislature has enacted enhanced mandatory penalties applicable to all DUI-related suspension offenders.

Hill refused to consent to a chemical examination of his breath, in violation of the Implied Consent Law. The express purpose of the Implied Consent Law is to facilitate the acquisition of chemical tests to determine whether a motor vehicle operator is under the influence of alcohol or a controlled substance. Accordingly, such test results may lead to removing a greater number of intoxicated drivers from the roadways. Therefore, the enhanced, mandatory penalties applicable to those persons who have their licenses suspended for refusing to comply with Section 1547 are appropriate and necessary in order to combat drunk driving. We conclude that the sentence imposed is certainly not disproportionate to the seriousness of the offense and is not inconsistent with societal standards of justice.

1. In *Hernandez*, cited by *Hoover* as authority for its holdings, we held that the mandatory sentencing provisions contained in 75 Pa.C.S.A. Section 3731 (Driving While Under the Influence of Alcohol or Controlled Substance) coincided with societal standards of respectability and, consequently, did not "impose a penalty so out of proportion to the crimes as to shock a balanced sense of justice." *Hernandez*, 339 Pa.Super. at 41, 448 A.2d 293.

We now turn to a consideration of whether Section 1543(b), as applied to Hill, violates his constitutional right to due process. In effect, Hill has advanced two separate due process claims. He contends that Section 1543(b) is overbroad because it encompasses persons who have been convicted of driving under the influence of alcohol, as well as persóns convicted of merely violating the Implied Consent Statute. In addition, the trial court's denial of an opportunity to present, as mitigating evidence in support of a lesser sentence, the dismissal of the charge of driving while under the influence of alcohol in 1985, allegedly violated his right to due process.

■ We find that Section 1543(b) is not overbroad in its application to DUI-related suspension offenders such as Hill. Statutes are overbroad either when they do not give fair notice to people of ordinary intelligence that their contemplated activity may be unlawful, or when they do not establish reasonably clear guidelines for law enforcement officials and courts, thus inviting arbitrary and discriminatory enforcement. *Commonwealth v. Stenhach*, 356 Pa. Super. 5, 514 A.2d 114 (1986) (citations omitted). Hill has failed to allege that he was not given fair notice that driving while under a DUI-related suspension would result in enhanced mandatory penalties. Moreover, the Department of Transportation notice sent to persons who have their licenses suspended for DUI-related offenses contains a specific warning advising recipients of the enhanced, mandatory penalties incurred if they operate a motor vehicle while their operators' privileges are subject to DUI-related suspension. Hill also fails to successfully argue that the statute does not provide reasonably clear enforcement guidelines. The statute establishes unambiguous guidelines for the courts to follow. Therefore, Section 1543(b) is not overbroad as applied to Hill.

■ We also find no merit to Hill's allegation that he was denied his right to substantive due process because he was not permitted to introduce mitigating evidence, the dismissal of his underlying drunk driving charge, in support of a

lesser sentence. The touchstone of due process is protection of the individual against arbitrary action of the government. *Commonwealth v. Robinson*, 497 Pa. 49, 54, 438 A.2d 964, 966 *appeal dismissed Robinson v. Pennsylvania*, 457 U.S. 1101, 102 S.Ct. 2898, 73 L.Ed.2d 1310; *Wolff v. McDonnell*, 418 U.S. 539, 558, 94 S.Ct. 2963, 2975, 41 L.Ed.2d 935, 952 (1974). To satisfy due process, the legislative means must bear "a reasonable relation to a proper legislative purpose" and be "neither arbitrary nor discriminatory." *United States v. Coastal States Crude Gathering Co.*, 643 F.2d 1125, 1127–1128 (5th Cir.), *cert. denied*, 454 U.S. 835, 102 S.Ct. 136, 70 L.Ed.2d 114 (1981), *citing Nebbia v. New York*, 291 U.S. 502, 537, 54 S.Ct. 505, 537, 78 L.Ed. 940.

The Pennsylvania legislature has expressed a determination to reduce the number of deaths, injuries, and accidents caused by intoxicated drivers. *See Hernandez*, 339 Pa.Super. at 32, 448 A.2d 293; *Hoover*, 343 Pa.Super. at 372, 494 A.2d 1131. In *Hoover*, we relied upon the legitimate state interests [2] expressed in *Hernandez* and stated, in pertinent part:

> Finally, Section 1543(b) is rationally related to the same state interests which motivated the legislature to enact the statutes at issue in *Hernandez*. The imposition of mandatory license suspensions for drunk driving reflects a proper legislative determination of the seriousness of the drunk driving problem, and Section 1543(b) is rationally related to the legitimate goal of keeping those convict-

---

**2.** *Hernandez* upheld the constitutionality of 75 Pa.C.S.A. Section 3731. Section 3731 provides for mandatory penalties to those persons convicted of driving while under the influence of alcohol or a controlled substance. With regard to a claim that Section 3731 violated the defendant's right to due process, we stated as follows:

> We find that due process of law is not violated when courts accede to legislative authority to frame a coherent statutory scheme for the administration of sentencing for certain criminal offenses. The mandatory sentencing provisions, designed by the legislature to protect human life and property, represent sound public policy, are reasonably related to the ends ought to be accomplished, and are not constitutionally impermissible.

*Hernandez*, 339 Pa.Super. at 42, 448 A.2d 293.

ed drunk drivers off the roads during the period of their suspensions.

*Hoover,* 343 Pa.Super. at 377, 494 A.2d 1131. We acknowledge that there is a legitimate state interest reflected by the enactment of Section 1543(b) and expressed clearly in *Hoover* and *Hernandez.* We must evaluate whether the legislation bears a rational relationship to this legitimate state purpose.

Again, we emphasize that Hill, unlike Hoover, is *not* a convicted drunk driver. However, he was convicted of an offense which requires mandatory penalties pursuant to Section 1543(b). The purposes of the Implied Consent Law, as previously noted, are to facilitate the accumulation of evidence of drunk driving and, subsequently, to keep drunk drivers off the roadways of the Commonwealth. Hill's refusal to submit to a chemical test, as required by Section 1547, wrongfully deprived the Commonwealth of vital evidence of his intoxication or his sobriety. In view of the suspension notice issued to Hill by the Department of Transportation, Hill's argument that he was unaware of the potentially harsh penalties accompanying his conviction is unpersuasive. The mandatory penalties set forth in Section 1543(b), even for a mere refusal to submit to a chemical test, are rationally related to the Commonwealth's interest in keeping our highways safe. Hence, it was proper for the trial court to refuse to consider evidence (as mitigation in considering imposition of less than the mandatory sentence) of the dismissal of the underlying charge of driving under the influence of alcohol.

■ Finally, Hill asserts that he has been denied equal protection as a member of a "suspect sub-class." The "suspect sub-class" consists of the suspension offenders who have been convicted of refusing to submit to a chemical test, but not of driving under the influence of alcohol. Such a classification must be reasonable and not arbitrary, and must rest upon some rational difference having a fair, substantial and reasonable relationship to the objective or objectives of the legislation at issue so that all persons

similarly situated will be treated alike. *Commonwealth v. Church*, 513 Pa. 534, 545, 522 A.2d 30, 35–36 (1987). Further, "the Equal Protection Clause does not compel the legislature to choose between attacking all aspects of a problem or none at all." *Hoover*, 343 Pa.Super. at 377, 494 A.2d 1131 *citing Dandridge v. Williams*, 397 U.S. 471, 486–487, 90 S.Ct. 1153, 1162–1163, 25 L.Ed.2d 491, 503 (1970).

Hill has failed to persuade this court that Section 1543(b) is not reasonable or is arbitrary when applied to persons situated similarly to Hill. For the precise reasons expressed in our evaluation of Hill's due process claim, and in the absence of any allegation that persons similarly situated to Hill are not treated alike, we hold that Section 1543(b) is rationally related to a legitimate state interest and, for that reason, does not violate the Equal Protection Clause.

Judgment of Sentence affirmed.