J-A27002-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROGER ALLEN MCCONNELL, II | |
| Appellant | No. 163 EDA 2016 |

Appeal from the Judgment of Sentence December 16, 2015
In the Court of Common Pleas of Monroe County
Criminal Division at No(s): CP-45-CR-0001320-2015

BEFORE:  PANELLA, J., LAZARUS, J., FITZGERALD, J.[*]

MEMORANDUM BY PANELLA, J.                **FILED JANUARY 25, 2017**

Appellant, Roger Allen McConnell, II, appeals from the judgment of sentence entered December 16, 2015, in the Monroe County Court of Common Pleas. McConnell contests the sufficiency of the Commonwealth's evidence and the constitutionality of 75 Pa.C.S.A. § 1543(b)(2). After careful review, we affirm.

The trial court summarized the relevant facts and procedural history as follows.

> On May 11, 2015, Pennsylvania State Trooper Matthew Borger responded to a call involving an ATV that rolled over on the driver at 516 Bottom Road in Polk Township. Upon arrival, Trooper Borger observed [McConnell] refusing medical attention from responding EMS for lacerations and brush burns caused by the accident. [McConnell] and witnesses who saw the crash told

_____

[*] Former Justice specially assigned to the Superior Court.

Trooper Borger that [McConnell] was driving the four-wheeler when he lost control and it landed on top of him.

When Trooper Borger spoke with [McConnell], he noticed a strong odor of alcohol coming from [McConnell's] breath. In addition, Trooper Borger observed [McConnell] had slurred speech and bloodshot eyes. When Trooper Borger asked [McConnell] how much he had to drink, [McConnell] responded, "Enough." [McConnell] also testified that he consumed two beers on the day of the incident. [McConnell] refused to participate in field sobriety tests, and signed a waiver refusing to submit to a blood test.

[McConnell] informed Trooper Borger that he did not have a driver's license. Trooper Borger obtained a copy of [McConnell's] driving record indicating [McConnell's] license was suspended as of the date of the accident as the result of a February 23, 2013 [Driving under the Influence ("DUI") charge] for which he received [Accelerated Rehabilitative Disposition("ARD")]. As part of the ARD, [McConnell's] driver's license was suspended for sixty days effective May 31, 2013. [McConnell] was present when he was admitted into the ARD program, and therefore, was well aware of the suspension. Additionally, PennDot mailed an official suspension notice on May 31, 2013. [McConnell] never took steps to restore his license. Moreover, more than four months prior to the accident, [McConnell] was charged with [d]riving under DUI [s]uspension.

The Commonwealth charged [McConnell] with [DUI] under 75 Pa.C.S.A. Section 3802(a)(1)(General Impairment) and two summary offenses – [d]riving under DUI [s]uspension (75 Pa.C.S.A. Section 1543(b)(1)[)] and [c]areless [d]riving (75 Pa.C.S.A. Section 3714(a)). On October 14, 2015, a bifurcated trial took place whereby the DUI charge was presented to a jury and the [court] decided the summary offenses. During the trial, Trooper Borger testified that [McConnell's] son told Trooper Borger that [McConnell] was traveling on Serfass Road, a public road, and tried to turn onto Bottom Road, a private road, when the accident occurred. Moreover, Trooper Borger observed skid marks on Serfass Road indicating [McConnell] was driving on Serfass Road at the time of the accident.

[McConnell] admitted crossing Serfass Road to get to dirt roads; however, [McConnell] denied operating his ATV on

Serfass Road at the time of the accident. [McConnell] testified that he used Bottom Road. Bottom Road is a service road off of Serfass Road into a mobile home park. [McConnell's] son testified that Bottom Road is frequently traveled by many people in order to get to their homes. It is also used by visitors, delivery persons, and others. [McConnell's] investigator, Wilson Miller, witnessed cars traveling on Bottom Road during his investigation.

At trial, both the Commonwealth and [McConnell] provided evidence that [McConnell] drove carelessly at the time of the accident. Based on his extensive experience in investigating over 1,000 vehicle accidents, Trooper Borger concluded that [McConnell] was operating the vehicle at a high rate of speed when he lost control. In addition, Investigator Miller testified that [McConnell] told Miller he was driving 80 mph at the time of the accident. [McConnell], in turn, testified he was attempting to do a wheelie when he lost control of the vehicle, and that he had consumed two alcoholic beverages at some time on the day of the accident. [Further, McConnell testified that he did not recall Trooper Borger asking him to submit to a blood test, but did recall refusing a breath test].

The jury acquitted [McConnell] of the DUI charge. The [court] found [McConnell] guilty of [d]riving under DUI [s]uspension and [c]areless [d]riving.

On December 16, 2015, the [court] sentenced [McConnell] to ninety days incarceration and a fine of $500 on the [d]riving under DUI [s]uspension count and fined [McConnell] $25 for [c]areless [d]riving.

Trial Court Opinion, 3/14/16, at 1-4. McConnell filed post-sentence motions, which the trial court denied. Subsequently, McConnell filed a timely notice of appeal and a court-ordered Rule 1925(b) statement of errors complained of on appeal.

Appellant raises two issues for our review.

> I.    WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW WHEN IT FOUND THAT THE EVIDENCE WAS SUFFICIENT TO PROVE EVERY ELEMENT OF THE SUMMARY VEHICLE CODE VIOLATIONS BEYOND A REASONABLE DOUBT.
>
> II.   WHETHER THE TRIAL COURT COMMITTED AN ERROR OF LAW IN FINDING THAT SECTION 1543(b)(2) OF THE VEHICLE CODE DOES NOT VIOLATE DUE PROCESS.

Appellant's Brief, at 6.

As a preliminary matter, we must determine whether McConnell has preserved his issues for our review. Through his appellate brief, McConnell challenges the sufficiency of the evidence for his summary conviction of driving under DUI suspension. Specifically, he contends that the evidence was insufficient to support the trial court's finding that McConnell operated his ATV on a "highway" or "trafficway" and the finding that McConnell refused blood testing. Appellant's Brief, at 14. However, McConnell failed to preserve this issue in his court-ordered Rule 1925(b) statement.

We have previously outlined the requirements necessary to preserve a sufficiency of the evidence argument on appeal. In **Commonwealth v. Williams**, 959 A.2d 1252 (Pa. Super. 2008), we found that an appellant waived the claim in his Rule 1925(b) statement that there was insufficient evidence to sustain Murder, Robbery, and related charges. In explaining our rationale for finding that appellant waived this claim, we stated that:

> [i]f [an a]ppellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. The instant 1925(b) statement simply does not

- 4 -

specify the allegedly unproven elements. Therefore, the sufficiency issue is waived.

Before leaving this issue, we note that the Commonwealth failed to object to the aforementioned defect in the 1925(b) statement. We also see that the trial court's opinion addressed the topic of sufficiency. The Commonwealth's failure and the presence of a trial court opinion are of no moment to our analysis because we apply Pa.R.A.P. 1925(b) in a predictable, uniform fashion, not in a selective manner dependent on an appellee's argument or a trial court's choice to address an unpreserved claim. [*See Commonwealth v.*] *Castillo*, 888 A.2d [775,] 779,780; *Commonwealth v. Butler*, 571 Pa. 441, 812 A.2d 631, 634 (2002). Thus, we find 1925(b) waiver where appropriate despite the lack of objection by an appellee and despite the presence of a trial court opinion. *Castillo*, 888 A.2d at 779, 780; *Butler*, 812 A.2d at 634.

*Williams*, 959 A.2d at 1257 (citing *Commonwealth v. Flores*, 921 A.2d 517, 522-523 (Pa. Super. 2007)).

Here, in his Rule 1925(b) statement, McConnell claimed that "[t]he [t]rial [c]ourt committed an error of law when it found that the Commonwealth's evidence was sufficient to prove every element of the [s]ummary [v]ehicle [c]ode violations beyond a reasonable doubt." Appellant's Concise Statement of Matters Complained of on Appeal, 1/22/16, at ¶ 1. At trial, McConnell was convicted of both careless driving and driving under DUI suspension. Each of the aforementioned charges involves multiple elements. It is clear that McConnell completely failed to identify the element or elements that he alleges the Commonwealth failed to sufficiently prove. *See Williams*, 959 A.2d at 1257. Thus, we find that McConnell's failure to properly identify his challenge in his Rule 1925(b) statement has resulted in a waiver of his sufficiency argument.

In his final issue on appeal, McConnell challenges the trial court's finding that § 1543(b)(2) of the Vehicle Code is constitutional. *See* Appellant's Brief, at 14. McConnell, who could have easily sought restoration of his driving privileges, but did not do so, contends that the "until restoration" provision of § 1543(b)(2) is unconstitutional because it arbitrarily lengthens a period of DUI related suspension until a licensee restores their operating privileges. *See id*. at 14-15. McConnell argues that this violates substantive due process under both Article 1, Section 9 of the Pennsylvania Constitution, and the Fourteenth Amendment to the United States Constitution. *See id*. at 23. We disagree.

The constitutionality of a statute is a question of law; therefore the scope of appellate review is plenary. *See Commonwealth v. Moss*, 852 A.2d 374, 379 (Pa. Super. 2004). "The constitutional validity of duly enacted legislation is presumed." The party seeking to overcome the presumption of validity must meet a formidable burden." *Commonwealth v. Haughwout*, 837 A.2d 480, 487 (Pa. Super. 2003) (citation omitted). "A statute will not be declared unconstitutional unless it clearly, palpably, and plainly violates the Constitution; all doubts are to be resolved in favor of a finding of constitutionality." *Commonwealth v. Mayfield*, 832 A.2d 418, 421 (Pa. 2003) (internal citations and quotation marks omitted).

Where an appellant challenges a statute as violating the constitutional protection to substantive due process, we must first determine the

appropriate degree of scrutiny to apply. ***See Commonwealth v. Etheredge***, 794 A.2d 391, 396-397 (Pa. Super. 2002). In situations where an appellant's challenge restricts a fundamental right, we examine it under strict scrutiny. ***See Smith v. Coyne***, 722 A.2d 1022, 1025 (Pa. 1999). However, "[a]bsent a fundamental right, the standard of review for a substantive due process challenge is whether the statute at issue has a reasonable basis." ***Commonwealth v. Agnew***, 600 A.2d 1265,1268 (Pa. Super. 1991).

McConnell concedes that his challenge implicates a privilege rather than a fundamental right. ***See*** Appellant's Brief, at 23; ***see also Commonwealth v. Jenner***, 681 A.2d 1266, 1273 (Pa. Super. 1996) ("This Court has often stated that driving is a privilege, not a fundamental right.") Thus we will examine § 1543(b)(2) of the Vehicle Code under the rational basis test.

> The rational relationship test evaluates whether a particular statute is rationally related to furthering a legitimate state purpose. It is enough that there is an evil at hand for correction, and that it might be thought that the particular legislative measure was a rational way to correct it. Thus, the rational relationship test mandates a two-step analysis. The first step is to consider whether the challenged statute seeks to promote any legitimate state interest or public value. The second prong of the analysis mandates an evaluation of whether the statute is reasonably related to accomplishing the articulated state interest or interests.

***Commonwealth v. Strunk***, 582 A.2d 1326, 1328 (1990) (internal citations and quotations omitted).

Here, the statute McConnell challenges provides as follows.

This subsection shall apply to any person against whom one of these suspensions has been imposed whether the person is currently serving this suspension or whether the effective date of suspension has been deferred under any of the provisions of section 1544 (relating to additional period of revocation or suspension). *This provision shall also apply until the person has had the operating privilege restored*. This subsection shall also apply to any revocation imposed pursuant to section 1542 (relating to revocation of habitual offender's license) if any of the enumerated offenses was for a violation of section 3802 or former section 3731 or for an out-of-State offense that is substantially similar to a violation of section 3802 or former section 3731, for which a revocation is imposed under section 1581.

75 Pa.C.S.A. § 1543(b)(2) (emphasis added).

McConnell concedes that the first prong of the rational basis test has been met because the state has a legitimate interest in protecting "'the safety of those who use the Commonwealth's highways' from intoxicated drivers." Appellant's Brief, at 24 (quoting **Jenner**, 681 A.2d at 1273). In fact, we note that the entirety of the challenged legislation "was enacted in coordination with the New Drunk Driving Law as part of the legislature's broad response to the serious problem of intoxicated drivers." **Commonwealth v. Hoover**, 494 A.2d 1131, 1133 (Pa. Super. 1985). Further,

As to the second prong of the rational basis test, McConnell argues that the provision of the statute imposing the penalties "until restoration" of a party's operating privileges lacks the required nexus to the identified state interest of preventing drunk driving. **See** Appellant's Brief, at 24. McConnell

avers that there is "no logical nexus between the need to protect the public from intoxicated drivers and subjecting individuals who are eligible to have their operating privileges restored to the heighted penalties set aside for driving with DUI-related suspension simply because they have not taken the steps necessary for restoration." *Id*. However, despite McConnell's contentions, we believe that it is logical for a party who has had their operating privileges suspended to be required to take affirmative action to have their privileges restored. Many DUI offenders, including McConnell, have their licenses suspended more than one time due to DUI offenses. Requiring a party to affirmatively apply to have their licenses restored allows the Pennsylvania Department of Transportation the opportunity to review a party's driving record and ensure that they are not mistakenly reissuing a license to a party whose license has been suspended due to an additional DUI offense.

Because we find that the legislature's action in requiring a party to take affirmative action to restore their operating privileges is reasonably related to the goal of preventing drunk driving, we hold that § 1543(b)(2) does not deny McConnell substantive due process.

Judgment of sentence affirmed.[1]

_____

[1] We note that McConnell's refusal to submit to a warrantless breath and/or blood test and subsequent conviction under 75 Pa.C.S.A. § 1543(b)(1.1)(i) implicates the United States Supreme Court's decision in ***Birchfield v.***
*(Footnote Continued Next Page)*

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/25/2017

*(Footnote Continued)* ──────────────

***North Dakota***, 136 S.Ct. 2160, 2169 (U.S. 2016) (holding that implied consent laws that impose criminal penalties for refusing to submit to a blood test violates the Fourth Amendment when such searches are not authorized by a warrant signed by a magistrate). Because of ***Birchfield***, we have held that sentences imposing criminal penalties on the refusal to submit to a warrantless blood test are *per se* illegal and necessitate resentencing. ***See Commonwealth v. Evans***, ___ A.3d ___, ___, 2016 WL 7369120, *8 (Pa. Super., filed 12/20/16). However, the Court also held in ***Birchfield*** that a defendant can be criminally prosecuted for refusing a warrantless breath test. ***See id***. at 2186. Here, § 1543(b)(1.1)(i) imposes criminal penalties for refusing to submit to *either* a breath test *or* a blood test. McConnell testified that he recalled refusing to submit to a breath test. Thus, because McConnell's actions in refusing a breath test are subject to criminal penalties under § 1543(b)(1.1)(i), we are not required to vacate McConnell's sentence under ***Birchfield***.