J-S22035-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| CHARLES OWEN DANDRIDGE JR. | : | |
| | : | |
| Appellant | : | No. 1952 EDA 2017 |

Appeal from the Judgment of Sentence May 25, 2017
in the Court of Common Pleas of Chester County
Criminal Division at No.:  CP-15-CR-0002291-2016

BEFORE:   BENDER, P.J.E., STABILE, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                    **FILED JULY 05, 2018**

Appellant, Charles Owen Dandridge, Jr., appeals from the judgment of sentence imposed on May 25, 2017, following his jury conviction for fleeing or attempting to elude a police officer, and summary convictions of reckless driving, careless driving, failing to signal, failure to obey maximum speed limits, and driving while operating privilege is suspended or revoked.[1] Appointed counsel has filed an application for leave to withdraw as counsel pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We grant counsel's application to withdraw and affirm Appellant's judgment of sentence.

_____

[1] **See** 75 Pa.C.S.A. §§ 3733(a.2)(2)(iii), 3736(a), 3714(a), 3334(b), 3362(a)(3), and 1543(b)(1), respectively.

_____
*   Retired Senior Judge assigned to the Superior Court.

We take the following facts and procedural history from our independent review of the certified record. On June 16, 2016, Police Officer Joseph Waldron of the West Brandywine Township Police Department observed Appellant traveling at a high rate of speed through a speed enforcement area. Using a VASCAR Plus speed-timing device, Officer Waldron calculated Appellant's car to have been traveling fifty-three point four miles per hour, in a thirty-five mile per hour zone. (*See* N.T. Trial, 1/24/17, at 49-50). Officer Waldron then pursued the vehicle to conduct a traffic stop, turning on his lights and sirens only after the vehicle entered an area with a turning lane where it was safe to conduct the traffic stop. (*See id.* at 51). The vehicle did not stop and continued to travel between fifty-three and fifty-five miles per hour. (*See id.* at 55-56). When the vehicle stopped at a red light, Officer Waldron shone his spotlight into the back of the vehicle. Appellant then looked into his rearview mirror and adjusted it. (*See id.* at 56). When the light turned green, Appellant continued to drive and passed several areas that would have been safe for a traffic stop.

When Officer Waldron followed the vehicle out of West Brandywine Township and into Wallace Township, it became clear to him that the vehicle was not going to stop, and he called for back-up. Officer Waldron chased Appellant on dark, winding roads at speeds in excess of the posted speed limit, at times traveling in the opposing traffic lane to attempt to get Appellant to pull over; at one point, Appellant swerved at Officer Waldron's patrol vehicle.

(*See id.* at 62-66, 70). Officer Waldron activated the motor vehicle recording device and his body camera after Appellant swerved at him. (*See id.* at 73).

After almost twenty-minutes of high-speed chase, Appellant and Officer Waldron reached a gas station where officers from Upper Uwchlan Township were waiting to attempt to help stop Appellant. (*See id.* at 75, 78). At that point, when officers had blocked the roadway, Appellant cut through the gas station and exited onto the side roadway. Upon seeing an officer there as well, Appellant cut sharply to the right then made a left onto another roadway. (*See id.* at 77-78). Appellant continued for a couple more miles whereupon Officer Waldron and other officers were able to block him and force him to stop his vehicle. (*See id.* at 83-84).

Ultimately, Officer Waldron followed Appellant for thirty minutes traversing at least twenty-eight miles. He explained that the primary offense during the chase was speeding; however, he also observed Appellant fail to stop at a construction stop sign. (*See id.* at 85, 87). After Appellant was apprehended, a record search revealed that his license was suspended from a prior DUI conviction.

A jury trial was conducted on January 24 and 25, 2017, after which the jury convicted Appellant of fleeing or attempting to elude a police officer, finding that he endangered a law enforcement officer or member of the general public by engaging in a high speed chase. (*See* Verdict Slip, 1/25/17). In the summary portion of trial, the court convicted Appellant of driving while his license was suspended, and related summary offenses. The court imposed

- 3 -

a sentence of not less than eighteen nor more than thirty-six months of incarceration for fleeing or attempting to elude a police officer, and imposed a concurrent sentence of sixty days of incarceration for driving under a suspended license. Appellant did not file post-trial motions. After privately retained trial counsel withdrew, he filed a timely *pro se* notice of appeal, after which the trial court appointed counsel. On February 9, 2018, counsel filed a petition to withdraw and **Anders** brief on the basis that the appeal is wholly frivolous.[2] Appellant filed a *pro se* response to the **Anders** brief on March 14, 2018.

The standard of review for an **Anders** brief is well-settled.

Court-appointed counsel who seek to withdraw from representing an appellant on direct appeal on the basis that the appeal is frivolous must:

(1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; (2) file a brief referring to anything that arguably might support the appeal but which does not resemble a "no-merit" letter or *amicus curiae* brief; and (3) furnish a copy of the brief to the defendant and advise the defendant of his or her right to retain new counsel or raise any additional points that he or she deems worthy of the court's attention.

[T]his Court may not review the merits of the underlying issues without first passing on the request to withdraw.

---

[2] Appellate counsel filed a statement of intent to file an **Anders** brief on September 18, 2017. **See** Pa.R.A.P. 1925(c)(4). The trial court entered its statement in lieu of an opinion on October 25, 2017. **See** Pa.R.A.P. 1925(a).

*Commonwealth v. Lilley*, 978 A.2d 995, 997 (Pa. Super. 2009) (citations and quotation marks omitted). Further, our Supreme Court ruled in *Santiago*, *supra*, that *Anders* briefs must contain "a discussion of counsel's reasons for believing that the client's appeal is frivolous[.]" *Santiago*, *supra* at 360.

Here, counsel's *Anders* brief and application to withdraw substantially comply with the applicable technical requirements and demonstrate that she has made "a conscientious examination of the record [and] determined that the appeal[s] would be frivolous[.]" *Lilley*, *supra* at 997. The record establishes that counsel served Appellant with a copy of the *Anders* brief and application to withdraw, and a letter of notice, which advised Appellant of his right to retain new counsel or to proceed *pro se* and raise additional issues to this Court. Further, the application and brief cite "to anything that arguably might support the appeal[.]" *Id.* (citation omitted); (*see also Anders* Brief, at 22-28). As noted by our Supreme Court in *Santiago*, the fact that some of counsel's statements arguably support the frivolity of the appeal does not violate the requirements of *Anders*. *See Santiago*, *supra* at 360-61. Accordingly, we conclude that counsel complied with *Anders*' technical requirements. *See Lilley*, *supra* at 997.

Having concluded that counsel's application and brief substantially comply with the technical *Anders* requirements, we must "conduct [our] own review of the trial court's proceedings and render an independent judgment

- 5 -

as to whether the appeal is, in fact, wholly frivolous." *Id.* at 998 (citation and quotation marks omitted).

In the *Anders* brief, Appellant's counsel presents two issues that might arguably support an appeal:

> I. Was sufficient evidence presented to support a conviction beyond a reasonable doubt on the charge of fleeing or attempting to elude police officer, 75 Pa.C.S.A. § 3733?  Specifically was there sufficient evidence to support the felony of the third degree grading pursuant to 75 Pa.C.S.A. § 3733(a.2)(2)(iii)?
>
> II. Was sufficient evidence presented to support a conviction beyond a reasonable doubt on the charge of driving under suspension DUI related, 75 Pa.C.S.A. § 1543(b)?

(*Anders* Brief, at 5) (most capitalization omitted).

In his *pro se* reply to the *Anders* brief, Appellant raises three questions:

> I. Whether the [trial court] erred in sentencing [Appellant] under fleeing or attempt to elude police officer, 75 Pa.C.S.A. § 3733(a.2)(2)(iii) based on it endangered law enforcement or member of the general public?  [Appellant] believes the court had lack of subject-matter jurisdiction when being only charged with 75 Pa.C.S.A. § 3733(a)[?]
>
> II. Whether the [trial court] erred in sentencing [Appellant] under 75 Pa.C.S.A. § 1543(b)(1) based on [Appellant] was driving on a [DUI] suspension?  [Appellant] believe (sic) that they violated his fifth admendant (sic) in light of the retroactively applicable Supreme Court decision *Thompson v. Smith*, 154 S.E. 579 (Va. 1930)[?]
>
> III. Whether Officer Waldron violated written policies required [by] 75 Pa.C.S.A. § 6342(a) based on every police department has a policy to follow?  [Appellant] believe (sic) Officer Waldron did violate 75 Pa.C.S.A. § 6342(a) when his department policy states to limit and not to pursue high speed chase[?]

(Appellant's Brief, at 4) (some citation formatting provided; unnecessary capitalization omitted).

Both questions raised in the **Anders** brief challenge the sufficiency of the evidence, for which our standard of review is well settled.

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, when viewed in a light most favorable to the Commonwealth as verdict winner, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Tarrach**, 42 A.3d 342, 345 (Pa. Super. 2012) (citation omitted).

The **Anders** brief claims that the evidence was insufficient to support Appellant's convictions of fleeing or attempting to elude a police officer, and driving under a suspended license, DUI related. (**See Anders** Brief, at 22-28). We disagree.

The jury convicted Appellant of fleeing or attempting to elude a police officer, 75 Pa.C.S.A. § 3733, which states *inter alia*:

> **(a) Offense defined.—**Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

\* \* \*

**(a.2) Grading.—**

\* \* \*

(2) An offense under subsection (a) constitutes a felony of the third degree if the driver while fleeing or attempting to elude a police officer does any of the following:

\* \* \*

(iii) endangers a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase.

75 Pa.C.S.A. § 3733(a), (a.2)(2)(iii).

The court convicted Appellant of the summary offense of driving while operating privilege is suspended—DUI related, pursuant to 75 Pa.C.S.A. § 1543(b)(1), which states:

(1) A person who drives a motor vehicle on a highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 (relating to driving under influence of alcohol or controlled substance) or the former section 3731, because of a violation of section 1547(b)(1) (relating to suspension for refusal) or 3802 or former section 3731 or is suspended under section 1581 (relating to Driver's License Compact) for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $500 and to undergo imprisonment for a period of not less than 60 days nor more than 90 days.

75 Pa.C.S.A. § 1543(b)(1).

Here, as discussed above, Officer Waldron testified that Appellant refused to pull over after Officer Waldron attempted to initiate a traffic stop, activating the lights and siren on his patrol vehicle, and led the officer on a high-speed chase on dark, winding roads, traversing over twenty-eight miles

- 8 -

at speeds well in excess of the posted speed limit. He testified that Appellant swerved at his vehicle and came close to striking other police vehicles while cutting through a gas station to avoid police. (*See* N.T. Trial, 1/24/17, at 70, 77-78). At the end of trial, the jury found that, based on this evidence, Appellant endangered a law enforcement officer or member of the general public by engaging in a high speed chase. (*See* Verdict Slip, 1/25/17). In addition, the Commonwealth introduced Appellant's certified driving record, which demonstrated that, on the date of the chase, Appellant's operating privilege was suspended for a DUI conviction that occurred on July 3, 2014. (*See* N.T. Trial, 1/25/17, at 67).

Upon review, viewing the evidence in the light most favorable to the Commonwealth as verdict winner, we conclude that the evidence is clearly sufficient to show that Appellant willfully failed to bring his vehicle to a stop after being given a visual and audio signal to do so, and thereafter endangered either a law enforcement officer or members of the public by engaging in a high-speed chase. Additionally, we conclude that the evidence is clearly sufficient to establish that Appellant operated a vehicle while his driving privilege was suspended as a result of a DUI conviction. Accordingly, the issues raised in the *Anders* brief lack merit.

Appellant's first question in his *pro se* response to the *Anders* brief also challenges the sufficiency of the evidence concerning his conviction of fleeing or attempting to elude a police officer. (*See* Appellant's Brief, at 10). His argument, which is somewhat vague, appears to claim that the evidence was

insufficient because Officer Waldron did not testify about injury, death, or property damage that occurred during the chase. (*See id.*). Thus, he claims the Commonwealth failed to establish that he violated subsection 3733(a.2)(2)(iii). We disagree.

As discussed above, to prove that a defendant is guilty of fleeing or attempting to elude a police officer as a felony of the third degree, the Commonwealth must prove, *inter alia*, that the defendant "endanger[ed] a law enforcement officer or member of the general public due to the driver engaging in a high-speed chase." 75 Pa.C.S.A. § 3733(a.2)(2)(iii). This Court has held that "[t]he term 'high-speed chase,' far from being the primary focus of the subsection, was intended to merely require a different level of danger from the run-of-the-mill dangers posed by merely failing to stop when signaled to do so by a police officer." *In re R.C.Y.*, 27 A.3d 227, 230 (Pa. Super. 2011).

In the instant case, there is no doubt that Appellant engaged in a high-speed chase. He traveled well in excess of the speed limit on dark winding roads, and took several actions including swerving toward Officer Waldron's patrol vehicle and cutting through a gas station, endangering both officers and the general public. The statute has no requirement of actually causing either injury, death, or property damage. The information charged the offense as a felony of the third degree under section (a.2)(2)(iii). Accordingly, Appellant's first issue lacks merit.

In his second issue, Appellant appears to claim that the suspension of his driving privileges violated his Fifth Amendment rights. (*See* Appellant's Brief, at 11). Specifically, he claims that his right to travel was unconstitutionally abrogated. (*See id.*). We disagree.

Preliminarily, we note that Appellant's argument appears to challenge the constitutionality of the suspension of his license, and thus is not related to the instant appeal. Accordingly, because the question of the constitutionality of his license suspension is not before us, we decline to address it.[3]

Finally, in his third issue, Appellant claims that Officer Waldron violated police department policy directing him to limit and not pursue high-speed chases and that if the officer had followed the policy, there would have been no chase. (*See* Appellant's Brief, at 12). It appears that Appellant is arguing

---

[3] Furthermore, we observe that this Court has concluded that "[t]he imposition of mandatory license suspensions for drunk driving reflects a proper legislative determination of the seriousness of the drunk driving problem, and § 1543(b) is rationally related to the legitimate goal of keeping those convicted drunk drivers off the roads during the period of their suspensions." *Commonwealth v. Hoover*, 494 A.2d 1131, 1134 (Pa. Super. 1985). The Court further "determined that the legislature had a proper rational basis for being especially concerned about drunk drivers violating the conditions of their license suspensions and for imposing special sanctions designed to deter such suspension violations[,]" and held that section 1543(b) did not deny the appellant due process. *Id.*; *see id.* at 1135. Accordingly, to the extent that Appellant claims that his conviction under § 1543(b) violated his due process rights, his argument would be meritless. Finally, we note that the Pennsylvania Supreme Court has clearly held that "[o]perating a motor vehicle is a privilege, not a right[.]" *Alexander v. Com., Dep't of Transp.*, 880 A.2d 552, 561 (Pa. 2005).

that his arrest or conviction was somehow invalid because Officer Waldron pursued him during the high-speed chase. Appellant has cited no legal authority to support this argument, nor has our research revealed any. Thus, we conclude that Appellant's third issue is meritless.

Based on the foregoing, neither the claims raised in the **Anders** brief, nor those raised in Appellant's *pro se* response, merit relief. Furthermore, this Court has conducted an independent review of the record and finds that no non-frivolous issues exist. We agree with counsel that this this appeal is "wholly frivolous." **Lilley**, **supra** at 998. Accordingly, we grant counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition for leave to withdraw as counsel granted.

*Judgment Entered.*

Joseph D. Seletyn, Esq.
Prothonotary

*Date: 7/5/2018*